## COMMONWEALTH *vs.* HENRY ABRAHAMS.

Suffolk.    February 1, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Public Park — Rules of Park Commissioners — Constitutional Law.*

Rules providing for the government of a public park, and prohibiting among other things orations therein, which rules were made by park commissioners conformably to the St. of 1875, c. 185, § 3, authorizing them to "govern and regulate" any park laid out by them under the statute, "to make rules for the use and government thereof, and for breaches of such rules to affix penalties," are reasonable and valid, and are not inconsistent with Article XIX. of the Bill of Rights of this Commonwealth and Amendment XIV. of the Constitution of the United States.

The parks of Boston are designed for the use of the public generally, and whether any park or a part of any park can be temporarily set aside for the use of any portion of the public is for the park commissioners to decide, in the exercise of their discretion.

COMPLAINT to the Municipal Court of the West Roxbury District of the city of Boston for criminal business, charging the defendant with a violation of the rules of the board of park commissioners of the city. Three of said rules are as follows :

" The board of park commissioners of the city of Boston, by virtue of its authority to make rules for the use and government of the public parks of said city, and for breaches of such rules to affix penalties, hereby ordains that within the public parks, except with the prior consent of the board, it is forbidden, —

" To cut, break, injure, deface, defile, or ill-use any building, fence, or other construction, or any tree, bush, plant, or turf, or any other thing or property.

" To make orations, harangues, or loud outcries. . . .

" To refuse to obey the orders or requests of either of the commissioners, or of the park police, or other agents of the commissioners, and to refuse to assist them when required.

" Any person wilfully doing either of the things above forbidden shall be punished by fine not exceeding twenty dollars.

" Compliance with the foregoing regulations is a condition of the use of these premises."

At the trial in the Superior Court, before *Bond*, J., it was agreed that the defendant, who was secretary of the Central Labor Union, previously to July 4, 1891, requested from the park commissioners their consent to hold a public meeting for the making of speeches on July 4 in Franklin Park; that this park was a public one, established under the St. of 1875, c. 185, under which a board of park commissioners existed, being authorized to make rules for the use and government of the park; that it was of large area, and that on the morning of July 4, 1891, the defendant, having been previously requested by a duly authorized park police officer not to make an oration in said park, did make a brief oration in a portion thereof in which no considerable number of people were gathered, and no shrubbery or ornamental trees were growing; that the subject thereof was the right of citizens to assemble peaceably to consult concerning the public good, and to debate social questions; that the oration was delivered in an ordinary oratorical tone, and was applauded by hand-clapping; and that at the close the audience quietly dispersed, and no injury was done to the park.

The defendant requested the court to make the following rulings, and to order a verdict of not guilty:

" 1. That the orders or rules for breach of which defendant is complained of are unauthorized, invalid, and void, —

" *a.* Because the so called rules are not rules within the meaning of the act of the Legislature delegating authority to the park commissioners ' to make rules for the use and government of said parks.'

" *b.* Because said rules are an attempt to impose unnecessary and unreasonable restrictions on the public use of the public parks, and are therefore unauthorized by said act.

" 2. That if and so far as the statutes under and in accordance with which the park commissioners derive their power to make rules for the use and government of the public parks, delegate to said commissioners authority to make the rules for breach of which the defendant is complained of, said statutes are unconstitutional and void, —

" *a.* Because in conflict with Art. XIX. of the Massachusetts Bill of Rights, providing that the people have a right in an orderly and peaceable manner to assemble to consult upon the public good. . . .

" *b.* Because said rules are in conflict with the United States Constitution, Amendment XIV., in that they deny to persons within the jurisdiction of the Commonwealth of Massachusetts the equal protection of the laws."

The court refused so to rule, and instructed the jury to return a verdict of guilty on the agreed facts; and the defendant alleged exceptions.

*G. W. Anderson,* for the defendant.

*G. C. Travis,* First Assistant Attorney General, for the Commonwealth.

LATHROP, J.    The park commissioners had, by the St. of 1875, c. 185, § 3, power to "govern and regulate" any of the parks which they might lay out under the statute, " to make rules for the use and government thereof, and for breaches of such rules to affix penalties not exceeding twenty dollars for one offence, to be imposed by any court of competent jurisdiction."    The rules which the defendant violated are similar in form to the city ordinance which was before the court in *Com-*

*monwealth* v. *Davis,* 140 Mass. 485, and which was held to be reasonable and valid. Of that ordinance Chief Justice Morton said : " Its purpose is to preserve the public peace, and to protect the public grounds from injury, and it is calculated to effect these ends without violating the just rights of any citizen." The same language is applicable to the rules before us. See also *Commonwealth* v. *Plaisted,* 148 Mass. 375 ; *Quincy* v. *Kennard,* 151 Mass. 563.

We see nothing in these rules inconsistent with Art. XIX. of the Bill of Rights of this Commonwealth, which declares that " The people have a right, in an orderly and peaceable manner, to assemble to consult upon the common good ; give instructions to their representatives, and to request of the legislative body, by the way of addresses, petitions, or remonstrances, redress of the wrongs done them, and of the grievances they suffer." The defendant admits that the people would not have the right to assemble for the purposes specified in the public streets, and that they might not have such right in the Public Garden or on the Common, because such an assembly would or might be inconsistent with the public uses for which these places are held. The same reasons apply to any particular park. The parks of Boston are designed for the use of the public generally, and whether any park or a part of any park can be temporarily set aside for the use of a portion of the public is for the park commissioners to decide, in the exercise of their discretion.

The defendant further contends that the rules in question are in conflict with that provision of the Fourteenth Amendment of the Constitution of the United States which provides that " no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." This amendment does not impair the police powers of a State. *Barbier* v. *Connolly,* 113 U. S. 27. And we fail to see anything in the rules, or in the statute authorizing them, which falls within the amendment. The case of *Yick Wo* v. *Hopkins,* 118 U. S. 356, on which the defendant chiefly relies, was one of race discrimination.

*Exceptions overruled.*