### Ex Parte John Neill.
#### *No. 231. Decided June 17.*

1. **Bill of Rights—City Ordinances Regulating Sale of Newspapers.**—An ordinance passed by the city of S., which declared a certain newspaper published in the city of C. to be a public nuisance, and prohibiting its circulation within the city limits of said first city, *held*, to be in violation of the Bill of Rights, and therefore void.

2. **Municipal Corporations—Authority of, to Suppress Newspapers.**—*Held*, that there is " no authority sustaining the doctrine that a municipal corporation is invested with the power to declare the sale of newspapers a nuisance."

3. **Legislative Authority to Control Publication of Newspapers.** *Held*, " the power to prohibit the publication of newspapers *is not* within the compass of legislative action in this State." For further discussion upon the subject, see the opinion of the court.

APPEAL from the County Court of Guadalupe. Tried below before Hon. JAMES GREENWOOD, County Judge.

The facts are sufficiently stated in the opinion.

*J. B. Dibrell*, for appellant.

No brief for the State has come to the hands of the Reporter.

DAVIDSON, Judge.—On April 3, 1893, the city council of the city of Seguin ordained, " that the Sunday Sun, a paper said to be published at Chicago, Illinois, is hereby declared a public nuisance, and its circulation prohibited within the corporate limits of the city of Seguin. Any person or persons offering to sell, barter, give away, or in any manner dispose of the Sunday Sun in violation of above ordinance, shall be punished in a fine not to exceed one hundred dollars."

Shortly after this ordinance should have gone into effect, the applicant, a news dealer in the city of Seguin, was arrested and fined in the Mayor's Court for a violation of said ordinance.

Resorting to a writ of habeas corpus, he was upon a hearing thereunder

remanded to custody, the county judge holding the ordinance valid; hence this appeal. This ordinance is in violation of the Bill of Rights, and therefore void.

Section 8 of the Bill of Rights declares, that "every person shall be at liberty to speak, write, or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers investigating the conduct of officers or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. And in all indictments for libel the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases."

"Section 29. To guard against transgressions of the high powers herein delegated, we declare, that everything in this 'Bill of Rights' is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void."

The power to prohibit the publication of newspapers is not within the compass of legislative action in this State, and any law enacted for that purpose would clearly be in derogation of the Bill of Rights. "The constitutional liberty of speech and of the press, as we understand it," says Mr. Cooley, "implies a right to freely utter and publish whatever the citizen may please, and to be protected against any responsibility for so doing, except so far as such publications, from their blasphemy, obscenity, or scandalous character, may be a public offense, or as by their falsehood and malice they may injuriously affect the standing, reputation, or pecuniary interests of individuals. Or to state the same thing in somewhat different words, we understand liberty of speech and of the press to imply not only liberty to publish, but complete immunity from legal censure and punishment for the publication, so long as it is not harmful in its character, when tested by such standards as the law affords." Cool. Const. Lim., 518.

To prevent the abuse of this privilege as affecting the public, the Legislature has prescribed penalties to be enforced at the suit of the State, leaving the matter of private injuries to be determined between the parties in civil proceedings.

We are not informed of any authority which sustains the doctrine, that a municipal corporation is invested with the power to declare the sale of newspapers a nuisance.

The power to suppress one concedes the power to suppress all, whether such publications are political, secular, religious, decent or indecent, obscene or otherwise. The doctrine of the Constitution must prevail in this State, which clothes the citizen with liberty to speak, write, or publish

his opinion on any and all subjects, subject alone to responsibility for the abuse of such privilege.

The judgment is reversed and the relator discharged.

*Reversed and relator discharged.*

Judges all present and concurring.