Argued October 25, affirmed November 27, 1917.

## ROSA *v*. CITY OF PORTLAND.

(168 Pac. 936.)

**Constitutional Law—Licenses—Validity.**

1.  A city ordinance imposing license taxes on peddlers in the city streets, except venders of newspapers, farm products, etc., does not deprive dealers in popcorn, fruits, etc., of any privilege or immunity in violation of the Fourteenth Amendment to the United States Constitution or Article I, Section 20, of the state Constitution, since the right to use city streets is not inherent, but may be limited or prohibited.

[As to who is a "peddler" within a licensing statute or ordinance, see note in Ann. Cas. 1912D, 1289.]

From Multnomah: GEORGE N. DAVIS, Judge.

Suit by Charles Rosa, E. Wilhelm, Mohamed Khan and Joe Din against the City of Portland, a public corporation, and H. E. Albee, mayor of said city. A decree was rendered dismissing the suit and plaintiffs appealed. Affirmed.

Department 2.    Statement by MR. JUSTICE BENSON.

This is a suit to enjoin the enforcement of certain ordinances of the City of Portland. From the recitals

in the complaint, it appears that plaintiffs are severally engaged in the business of purchasing and selling popcorn, fruits and other commodities in and upon the streets of Portland; that the city authorities are seeking to enforce against their business certain ordinances which are pleaded, the important features of which are, that they establish a restricted district wherein peddlers and hawkers upon the streets are required to pay a quarterly license fee of $150 and for doing business outside of the restricted district they are required to pay a quarterly license fee of $50. It is also provided that between certain hours of the day all such business is prohibited in the restricted district. The ordinances further provide that certain classes, including distributors of newspapers, bibles, political literature, etc., and producers of farm products, are exempt from the payment of such fees. It is then alleged that the license charge is so great as to render their business unprofitable; that the exemptions tend to create a monopoly in favored classes; that it constitutes a tax that is not uniform; that the ordinances are in contravention of Article I, Section 20, of the state Constitution and of the Fourteenth Amendment to the Federal Constitution; that the license fee is prohibitory and confiscatory; and that such fee constitutes double taxation.

The defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of suit. The demurrer was sustained and, the plaintiffs having declined to plead over, a decree was entered dismissing the suit, and plaintiffs appeal.

AFFIRMED.

For appellants there was a brief over the names of *Mr. Thomas A. Hayes* and *Mr. John A. Jeffrey,* with an oral argument by *Mr. Hayes.*

For respondents there was a brief over the names of *Mr. Stanley Myers, Mr. Walter P. La Roche,* City Attorney, and *Mr. Henry A. Davis,* with an oral argument by *Mr. Myers.*

Mr. Justice Benson delivered the opinion of the court.

1. The theory upon which plaintiffs base their complaint is that the ordinances, the validity of which is challenged, are in conflict with the provision in the Fourteenth Amendment to the Federal Constitution, which provides that "no state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States"; and also Article I, Section 20, of the Constitution of Oregon, which provides that "no law shall be passed granting to any citizen or class of citizens privileges or immunities which, upon the same terms, shall not equally belong to all citizens." These guaranties have been uniformly held to be a protection simply to those fundamental or inherent rights which are common to all citizens: *State* v. *Thompson,* 47 Or. 492 (84 Pac. 476, 8 Ann. Cas. 646, 4 L. R. A. (N. S.) 480); *Sandys* v. *Williams,* 46 Or. 327 (80 Pac. 642); *White* v. *Holman,* 44 Or. 180 (74 Pac. 933, 11 Ann. Cas. 843). In the case last cited Mr. Chief Justice Moore very tersely expresses a doctrine which is abundantly supported by authority in these words:

"However partial it may seem, the state can create a monopoly of any business that may lawfully be prohibited by it on the grounds of public policy, without violating any constitutional inhibition, because no person possesses an inherent right to engage in any employment, the pursuit of which is necessarily detrimental to the public."

In the case before us the ordinances in question classify the business to be regulated as that of "selling any commodity or merchandise in the streets whether making outcry or not," and plaintiffs allege that this definition is properly applied to the business carried on by them. It has also been held that no individual can have a property right in the use of a street for the purpose of his private business unless such right be acquired by a grant from the city and, in that event, he accepts the grant subject to all the conditions imposed, or he may reject it, in which case there is no grant and no right has been acquired. In *Wade* v. *Nunnelly*, 19 Tex. Civ. App. 256 (46 S. W. 668), this statement of the law is found:

"The ordinance in question does not undertake to prevent or interfere with the right of the appellees to purchase, sell, or otherwise deal in the products referred to upon their own premises; nor does it prohibit other persons from carrying such products and delivering them to appellees upon their premises. It may and doubtless will interfere with the privilege formerly enjoyed by the public at large of exhibiting such products upon the streets and in other public places within the territory referred to, and the convenience resulting therefrom to the appellees as dealers in such products. But appellees have no vested right to make marts of the streets, alleys, and other public places; and to deny them the privilege of so doing is not to destroy or deteriorate any of their property rights."

In *Greene* v. *City of Antonio* (Tex. Civ. App.), 178 S. W. 6, the court says:

"No man has the right to use a street for the prosecution of his private business, and his use for that purpose may be prohibited or regulated, as the state or municipality may deem best for the public good."

This court has approved the doctrine in *Cummins* v. *Jones*, 79 Or. 276 (155 Pac. 171), and we might cite many more authorities to the same effect. Indeed, we have not found any cases to the contrary and counsel for plaintiffs has not called our attention to any instances which are in any way inconsistent therewith. We conclude that the demurrer was properly sustained. The decree is affirmed.      AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McCAMANT concur.