(No. 13605.—Reversed and remanded.)

DONALD W. ANDERSON, Appellant, *vs.* PETER J. KARSTENS, Appellee.

*Opinion filed February 15, 1921—Rehearing denied April 8, 1921.*

1. PRACTICE—*effect of making a written motion for new trial.* If a motion for new trial is made orally, the party may avail himself of any cause for a new trial which may appear in the record; but if the grounds for new trial are specified in writing in the motion, only such grounds as are specified can be considered.

2. SAME—*motion for new trial can be preserved only by a bill of exceptions.* A motion for new trial can be preserved for review only by a bill of exceptions and is not preserved by incorporating it in the record written up by the clerk.

3. SAME—*when Appellate Court cannot reverse on the evidence.* The Appellate Court cannot consider the weight of the evidence in an action for negligence and reverse the judgment on a finding of facts different from the trial court, where the written motion for a new trial specifying the point that the verdict is contrary to the law and the evidence is not preserved in the bill of exceptions.

4. SAME—*Appellate Court should allow proper motion to supply omission in bill of exceptions.* On appeal in a suit at law the Appellate Court should allow a proper motion to supply an omission in the bill of exceptions of the written motion for new trial, and the fact that it denies the motion as unnecessary does not justify it in proceeding to consider errors assigned which it is without authority to consider in the absence of the motion for new trial from the bill of exceptions.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

HARRIS F. WILLIAMS, for appellant.

HARRY A. BIOSSAT, and E. LESLIE COLE, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Donald W. Anderson, a minor, by his father as next friend, sued the appellee, Peter J. Karstens, in the circuit court of Cook county in an action on the

case and filed a declaration containing two counts, charging that the defendant was the owner of a vacant lot in the city of Chicago adjoining a public alley in a thickly settled neighborhood; that the lot was not enclosed and that he used it in his business as a building contractor for keeping tools, piles of lumber, concrete mixing machines, wagons and cans of oil, gasoline, benzine and other lubricants and explosive liquids, which constituted a nuisance attractive and enticing to children of tender years; that he negligently failed to provide a fence or barrier to prevent children having access to the lot; that on August 8, 1916, four boys were playing on the lot with a large five-gallon can for lubricating oil and smaller cans containing some explosives; that while playing with the cans one of the boys picked up one of them containing an explosive and poured the contents into the five-gallon can for lubricating oil and the boys carried the five-gallon can into the alley and began dropping lighted matches into it; that the plaintiff came into the alley and when within a few feet of the can there was an explosion as the result of dropping the lighted matches into the can and he was seriously injured. The pleas were the general issue and special pleas denying that the defendant used the premises for keeping gasoline, oil, benzine or explosive liquids or that he used them in his business. At the trial the controverted questions of fact were whether the defendant kept cans containing explosives on the lot and was guilty of negligence in not protecting them, so that children obeying their childish instincts would not be exposed to danger, and if so, whether there was an independent intervening cause which was sufficient, in itself, to cause the injury. Evidence was introduced by the plaintiff tending to sustain the charge in the declaration and there was contradictory evidence for the defendant. There was a verdict for the plaintiff and the damages were assessed at $7500. On appeal by the defendant to the Appellate Court for the First District the judg-

ment was reversed with this finding of fact: "We find as facts in this case that the appellant, Peter J. Karstens, was not guilty of any negligence proximately causing the injuries for which he was sued by appellee." The Appellate Court granted a certificate of importance and an appeal to this court.

An ultimate question of fact raised by the pleadings and contested before the jury was whether the defendant was guilty of negligence approximately causing the injuries for which he was sued, and the finding of facts by the Appellate Court on that question was contrary to the finding of the jury and sufficient ground for reversing the judgment. (*Supple* v. *Agnew,* 202 Ill. 351; *Peterson* v. *Sears, Roebuck & Co.* 242 id. 38; *Nawrocki* v. *Chicago City Railway Co.* 248 id. 101.) Questions of fact have been argued at length, but the finding of the Appellate Court is conclusive on this court and not subject to review, and the only question to be considered is whether the Appellate Court properly applied the law to the facts as found by it. (*Williams* v. *Forbes,* 114 Ill. 167; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399; *Hogan* v. *Chicago and Alton Railroad Co.* 208 id. 161; *National Life Ins. Co.* v. *Metropolitan Life Ins. Co.* 226 id. 102; *McGovney* v. *Village of Melrose Park,* 241 id. 142; *Dillon* v. *National Council,* 244 id. 202; *North Side Sash and Door Co.* v. *Goldstein,* 286 id. 209.) The law was properly applied to the facts as found and recited in the finding of facts.

It is urged, however, that the question whether the verdict was against the evidence was not preserved in the record so as to authorize the Appellate Court to make a contrary finding of fact, and this is true on the record as returned to this court. The bill of exceptions recites that there was a motion by the defendant for a new trial, and the trial court, on motion of the plaintiff, on November 27, 1918, ordered the defendant to file within five days his

motion for a new trial in writing, specifying the grounds relied upon for the motion; that the defendant on December 2, 1918, filed his motion in writing for a new trial and upon consideration by the court the motion was denied, but there is no written motion contained in the bill of exceptions. The record kept by the clerk contains a motion for a new trial filed December 2, 1918, specifying many grounds, including among the grounds that the verdict was contrary to the law, against the weight and preponderance of the evidence, not supported by the evidence, and reciting at length instructions objected to; but none of these things could be considered by the Appellate Court, because a motion for a new trial, in order to become a part of the record, must be contained in the bill of exceptions. (*Daniels* v. *Shields*, 38 Ill. 197; *Nason* v. *Letz*, 73 id. 371; *Graham* v. *People*, 115 id. 566; *Gould* v. *Howe*, 127 id. 251; *Harris* v. *People*, 130 id. 457; *Chicago, Burlington and Quincy Railroad Co.* v. *Haselwood*, 194 id. 69; *Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589.) The grounds of a motion for a new trial can be ascertained only from the bill of exceptions, and the weight of the evidence can be considered on appeal only where the question was presented on a motion for a new trial and ruled on by the trial court. If a motion for a new trial is made orally and no requirement is made that the grounds shall be specified, the party making the motion may avail himself of any cause for a new trial which may appear in the record, but if the grounds are specified in writing only such as are specified can be considered.

Counsel for appellee say that when this question was raised in the Appellate Court they suggested a diminution of the record and asked leave to supply instanter the motion in writing for a new trial and their motion was denied. If the view of the Appellate Court was that there was no necessity for supplying the deficiency that view was incorrect, and if the motion had been allowed and the defect

supplied the court could consider the assignment of error on which the judgment was reversed. Errors were assigned on the record in the Appellate Court corresponding exactly with the written motion for a new trial contained in the clerk's record, and the court considered the assignment of error that the verdict was against the weight and preponderance of the evidence as though it had been properly made upon the record, and it appears that the case was tried and argued on the merits. The transcript of the record of the Appellate Court recites that the court having considered the motion of Karstens suggesting a diminution of the record and asking leave of the court to supply the same instanter, and the court being fully advised in the premises, denied the motion. The transcript of the record filed in this court consists only of the record written by the clerk and does not contain motions or arguments or evidence in support of them, and consequently the record here does not show what the motion was. If the motion was to supply instanter the motion for a new trial by making it a part of the bill of exceptions in accordance with rules and practice of the courts it should have been allowed. The law and practice allow amendments with liberality for the attainment of justice, and it would be most unjust if a motion was made to supply instanter the defect and the court denied the motion because from a mistaken view of the law it was regarded as unnecessary. On the record as filed in this court the judgment of the Appellate Court must be reversed, and the cause should be remanded to that court to permit the defect in the bill of exceptions to be remedied if the motion was for that purpose and properly made.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions that if the suggestion of the diminution of the record and motion to supply the same instanter related to the omission from the bill of exceptions of the written motion which was on

file and had been copied in the clerk's record, the motion shall be allowed and the cause again considered upon the grounds contained in said motion and assigned for error, otherwise to affirm the judgment.

*Reversed and remanded, with directions.*