(No. 19125.

GEORGE F. DORWART, Appellant, *vs.* THE CITY OF JACKSONVILLE, Appellee.

*Opinion filed December 20, 1928.*

Dunn, J., dissenting.

William N. Hairgrove, for appellant.

Walter Bellatti, City Attorney, for appellee.

Mr. Justice Stone delivered the opinion of the court:

This is an appeal from the judgment of the county court of Morgan county confirming the assessment roll and directing the opening of a certain street in accordance with an ordinance and petition therefor. The ordinance provided for the opening of a street known as Edgehill road, in the city of Jacksonville, from Park street to Lincoln avenue, a distance of approximately 660 feet. The petition seeks the condemnation of a strip of ground 100 feet wide across

the south end of appellant's property. The ordinance directed that the cost of the improvement be paid by special assessment. The assessment roll as made up by the city awarded appellant $200 for land actually taken and assessed against the remaining property, as benefits, the sum of $486.55. Five objections were filed by appellant, as follows: (1) That the petition to condemn and the opening of such street were not for a public use but for the benefit of a private institution; (2) the condemnation of a strip 100 feet in width for a street is unreasonable, unnecessary and arbitrary; (3) the taking of appellant's property would cause irreparable injury to and decrease the value of his remaining property; (4) the cost of the improvement is unreasonable and exorbitant; (5) the assessment of benefits was unreasonable and unnecessary. The trial court ruled that the first, second and fourth objections were legal objections and directed that evidence as to those matters be heard by the court and not by a jury. The third and fifth objections were held by the court to be, in effect, objections that the objector's property was assessed more than it was benefited, and these were, at appellant's request, submitted to a jury. Evidence was heard on the legal objections, and the court overruled the same. On a hearing before the jury on the question of damages and benefits the jury fixed the value of the property taken at $275 and the amount of benefits to property not taken at $300.

On the hearing of the legal objections it appeared from the evidence that Edgehill road is a street 60 feet in width, extending east and west between Diamond street on the east and Park street on the west. These last named streets extend north and south. The proposed extension is from Park street west, a distance of 660 feet, to Lincoln avenue. Lincoln avenue is a street extending south from Mound avenue. On the north side of Mound avenue, and opposite the end of Lincoln avenue, is the property of the Illinois College, a private institution. The evidence discloses

that this college also acquired a tract of five acres abutting on the east side of Lincoln avenue and lying approximately 570 feet south of Mound avenue and south of the college grounds and adjoining appellant's property on the south. This tract was secured for an athletic field. The purpose of opening the street in question was to extend Edgehill road along the north boundary line of the tract purchased by the college as an athletic field to Lincoln avenue, to allow traffic to and around the athletic field. The south line of Edgehill road as it now exists intersects the east line of Park street, which street is the east boundary of the athletic field, at a point 40 feet north of the north boundary of that field and 40 feet north of the south line of appellant's property, so that if Edgehill road were extended directly west at a width of 60 feet across appellant's property there would be the narrow strip 40 feet in width belonging to appellant lying between that road and the athletic field. The evidence showed that this was one consideration for adopting a street 100 feet in width. The others were, as shown by the testimony of the city officers, to avoid traffic congestion when the athletic field was in use, by affording parking space in the street for those who attend athletic contests given by the college and to avoid a jog in the road, which would be necessary if the south 60 feet of appellant's property were taken.

It appeared in the evidence of appellant on legal objections that he owns two lots lying north of the proposed street and extending north to Mound avenue; that he used for a garden a portion of the land over which the street is proposed to be taken; that he had never heard of any demand for a public road through that point but that he was approached by the president of the college and the chairman of its board of trustees, the latter of whom proposed that he sell to the college 100 feet for a road, which he refused to do. Henry B. Kamm, a witness for appellant on legal objections, testified that in his opinion there was

no demand for the opening of the proposed street; that its only use would be for the Illinois College to park cars. At the close of the evidence the court overruled the legal objections.

Evidence offered by the city on the question of damages and benefits tended to show that the value of the land sought to be taken was from $175 to $225; that the benefits in excess of damages to the remaining property were from $650 to $1700. The city's evidence was given by three witnesses who were dealers in real estate. The evidence of appellant as to damages and benefits consisted of the testimony of himself and that of Kamm, both of whom had testified on legal objections. Appellant testified that he considered the property taken worth $1000 an acre, and stated that the street would not benefit the balance of his property; that it would destroy his fence and garden, and in order to have another garden he would have to cut down a portion of his orchard; that it would cost $500 to grade his lot after the street was cut through. Kamm placed the value of the strip taken at $700, and testified that taking the strip for a street as proposed would be a detriment to the balance of appellant's property and would not increase its value.

Appellant assigns as error the ruling of the court that his first, second and fourth objections were legal objections and in refusing to submit the same to the jury. These objections were plainly legal objections and the court did not err in refusing to submit them to the jury. (*Bell* v. *Mattoon Waterworks Co.* 245 Ill. 544.) The only issues to be determined by a jury in a proceeding of the character here involved are those arising out of compensation for land taken or damaged and the amount of benefits. *City of Rockford* v. *Mower,* 259 Ill. 604.

The principal question arising is whether the extension of the street at 100 feet in width is an unreasonable exercise of the power of the city to lay out and open streets.

A street is clearly a public highway and for public use, and while it may benefit private property, the public generally have the right to use it, and its use is therefore public. Whether the city council acted wisely or reasonably in ordering the opening of this street to a width of 100 feet, its action is binding on the courts unless the evidence so clearly shows injustice, oppression and unreasonableness that there is no room for a reasonable difference of opinion as to that matter. The presumption is always in favor of the validity of an ordinance, and in order to justify a court in interfering on the ground that the ordinance is unreasonable the proof must be clear and strong, and where there is room for reasonable difference of opinion the action of the city council is final. (*City of Carbondale* v. *Reith*, 316 Ill. 538; *City of Marengo* v. *Eichler*, 245 id. 47; *City of Belleville* v. *Pfingsten*, 225 id. 293; *Walker* v. *City of Chicago*, 202 id. 531.) It is not contended, as we understand the briefs of appellant, that a 60-foot street would not be for a public purpose and a reasonable taking of appellant's property for public use, but the argument is that a street 100 feet wide is wholly unnecessary and will be used only as a parking place for automobiles during such time as the athletic field of the Illinois College is in use. Courts cannot presume that land taken for street purposes will not be used for that purpose. There is no evidence in the record that it will not be so used. The record does show from the testimony of the officers of the city of Jacksonville that the adjacent land south of the proposed street is an athletic field, and that one of the reasons which prompted the ordinance is that traffic congestion on the streets surrounding the athletic field would, through the parking of automobiles, become so great that a narrower street would be insufficient to properly handle the traffic at such times.

In determining whether an improvement ordinance is reasonable or unreasonable the court must take into con-

sideration the object to be accomplished, the means for its accomplishment and all existing conditions and circumstances. The streets of cities at this day are required to do a greater service than merely affording passageway from one point to another. The right of the public to stop at a given point and to make use of the street in large numbers in a manner consistent with the needs of traffic and subject to existing reasonable traffic regulations must be conceded, and the city council has a right, in laying out streets, to determine, in so far as it can, the reasonable future needs of the traffic at a given point. (*City of Carbondale* v. *Reith, supra.*) The court did not err in overruling the legal objections.

It is also contended that the verdict is contrary to the evidence. This contention cannot be sustained. The verdict was within the range of the testimony. The amount allowed for the strip taken was $275, or $75 higher than the assessment roll. The benefits were fixed by the jury at $300, which is $186.55 less than the assessment roll. No error was committed by the court in not granting a new trial on that issue.

It is also alleged that the court erred in its rulings as to evidence. In the written motion for a new trial filed in this case no such ground was urged, and under the rule in this State appellant is precluded from basing error on a ground not included in a written motion for a new trial. *Anderson* v. *Karstens,* 297 Ill. 76; *Janeway* v. *Burton,* 201 id. 78.

The record contains no error, and the judgment will be affirmed. *Judgment affirmed.*

Mr. Justice Dunn, dissenting.