COMMONWEALTH *vs.* STEPHEN J. SURRIDGE.

Essex.     November 14, 1928. — January 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Way*, Public: obstruction. *Constitutional Law*, Right of assembly. *Municipal Corporations*, By-laws and ordinances.

To make a speech within the limits of a public way and thereby to cause the gathering of a crowd therein is not an exercise of the right of travel, which, with incidental privileges, is secured to the public by the location of the way; such conduct is an obstruction to the rights of the public in the way.

It is beyond the powers of a city council to enact an ordinance under which the conduct above described may be authorized; and a permit to speak upon a public way granted pursuant to such ordinance is no defence to a complaint charging the speaker with obstructing the way.

COMPLAINT, received and sworn to in the District Court of Southern Essex on September 23, 1927, charging the defendant with obstructing a highway in Lynn.

Upon appeal to the Superior Court, the defendant waived trial by jury and the complaint was heard upon an agreed statement of facts by *Hayes,* J., a judge of a district court sitting in the Superior Court under statutory provisions. Material facts are stated in the opinion.

The judge denied a motion by the defendant that he be found not guilty. The defendant was found guilty; and, after execution of sentence had been stayed, the complaint was reported for determination by. this court.

The case was submitted on briefs.

*P. J. Walsh & C. V. Hogan,* for the defendant.

*W. G. Clark,* District Attorney, & *E. F. Flynn,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J.    The defendant was charged with the common law offence of obstructing a public way in Lynn. *Commonwealth* v. *King,* 13 Met. 115. *Commonwealth* v. *New York Central & Hudson River Railroad,* 202 Mass. 394, 397. The case was submitted on an agreed statement of facts, the defendant having waived in writing his right to a trial by jury. *Commonwealth* v. *Kemp,* 254 Mass. 190. After a finding of guilty and a stay of sentence, the case was reported with the consent of the defendant for the determination of the question of law involved. G. L. c. 278, § 30.

The agreed facts are in substance that, pursuant to an ordinance, the defendant was granted a permit by the city council of Lynn to speak on Thursday evenings between August 30, 1927, and October 15, 1927, at a specified place on a public way known as State Street. On the evening of the day named in the complaint a crowd of people assembled at the specified place on State Street, some standing in that part of the public way used for vehicles and others on the sidewalk, and to them the defendant, from a box in the part of the travelled way used for vehicles, made a speech touching the right of the people to assemble in or use the streets for the purposes of free speech.

The right of the people "in an orderly and peaceable manner, to assemble to consult upon the common good; give instructions to their representatives, and to request of the legislative body, by way of addresses, petitions, or remon-

strances, redress of the wrongs done them, and of the grievances they suffer," is secured by art. 19 of the Declaration of Rights. The right is indubitable. The importance to the public welfare of this constitutional guaranty has been recognized and scrupulously upheld by the courts. *Commonwealth* v. *Porter,* 1 Gray, 476, 478. *Wheelock* v. *Lowell,* 196 Mass. 220. In the latter decision is a collection of statutes enacted to secure opportunity under proper auspices for the exercise of this right. This, although a constitutional right, cannot be exercised at times and places and in circumstances in conflict with the enjoyment of other well recognized rights of individuals or the public. It hardly could be contended that any individual or any number of individuals could go upon land of another, in opposition to the wishes of the owner, in order there to exercise the right of free speech; or that in the pretended exercise of such right one might slander or libel another with impunity. See *Commonwealth* v. *Boston Transcript Co.* 249 Mass. 477, 482.

By the location of a highway an easement of passage is secured for the public with all incidental privileges thereby implied. The fee of the land commonly remains in the owner, who may make any use of it not inconsistent with the paramount right of the public. The easement of passage for the public acquired by the layout of a highway includes reasonable means of transportation for persons and commodities and of transmission of intelligence. Whatever interferes with the exercise of this easement is a nuisance, even though no inconvenience or delay to public travel actually takes place. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95, 102.

It is manifest that making a speech from a box and thereby gathering a standing crowd of people, all taking place within a highway, is not an exercise of the easement of travel. It is equally manifest that such speech making and standing crowd is an obstruction to the right of the public to use the highway for travel. It is quite different from the use of the highway for a procession or parade, or for seeing distinguished public personages, or other of the common uses of a highway whereby crowds of people are caused to collect. Occasions

may arise where it may be difficult to draw the line. But the case at bar is not close to the line. It presents a plain instance of obstruction of a public way not authorized by any general law.

To undertake to authorize such obstruction of a public way, in perversion of the fundamental conception of the purpose for which land can be taken for a public way, was beyond the ordinance making power of the city council of Lynn. See G. L. c. 40, § 21; c. 85, § 10, Spec. St. 1917, c. 340, § 5. The permit afforded no protection to the defendant.

The case at bar is governed in principle in every particular by *Commonwealth* v. *Morrison*, 197 Mass. 199, where the subject is discussed at large. See also *Commonwealth* v. *Davis*, 140 Mass. 485; *Commonwealth* v. *Abrahams*, 156 Mass. 57; *Commonwealth* v. *Davis*, 162 Mass. 510, affirmed in *Davis* v. *Massachusetts*, 167 U. S. 43. It is distinguishable from *State* v. *Butterworth*, 104 N. J. L. 579, where the defendants were charged with the offence of unlawful assembly, a different offence from that of obstructing a highway.

*Exceptions overruled.*