(No. 23581.—)

THE CITY OF CHICAGO, Appellant, *vs.* CHARLES RHINE, Appellee.

*Opinion filed June 17, 1936.*

BARNET HODES, Corporation Counsel, (MARTIN H. Foss, of counsel,) for appellant.

EDGAR BERNHARD, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

The question presented for decision is the validity of ordinance No. 974 of the city of Chicago, which prohibits the sale, offering or exposing for sale or soliciting to purchase any article, daily newspapers excepted, on any street, alley or public place in two certain restricted territories specifically defined in the ordinance but which may be referred to as the Loop and the Wilson avenue districts, respectively. An amended complaint was filed in the municipal court on June 13, 1935, which charged the defendant with violating the ordinance by unlawfully and willfully offering to sell, and exposing for sale, magazines in front of 22 South Clark street, which is in the Loop district. A motion to dismiss, in the nature of a demurrer challenging the legality of the ordinance, was interposed by the defendant.

The grounds urged may be summarized as (1) there is no statutory authority which granted the city the power to adopt the ordinance; (2) the ordinance is unreasonable and discriminatory; and (3) it violates the fourteenth amendment to the Federal constitution and sections 2 and 4 of article 2 of the State constitution. The motion was sustained. The presiding judge filed written findings, and therein found that the ordinance was invalid for each of the three reasons cited and entered judgment for the defendant. The city brings the cause here for review.

The trial judge has made his certificate in statutory form that the validity of a municipal ordinance is involved.

The city holds the title to streets in trust for the people. (*City of Chicago* v. *Collins*, 175 Ill. 445.) That the city might effectually carry out its trusteeship by the regulation and control of the use of such streets for the primary purpose for which they were created, the legislature by article 5 of the Cities and Villages act (Ill. State Bar Stat. 1935, chap. 24, pp. 344-350,) delegated to such municipalities certain powers, amongst which, pertinent to the issues here, are: Section 9, to regulate the use of the streets. Section 10, to prevent and remove encroachments thereon. Section 14, to regulate the use of sidewalks. Section 20, to regulate traffic and sales upon the streets, sidewalks and public places. Section 41, to license, tax, regulate, suppress and prohibit hawkers and peddlers. Section 102, to pass all ordinances, rules and make all regulations, proper or necessary, to carry into effect the powers granted to cities or villages, with such fines or penalties as the city council or board of trustees shall deem proper, etc.

From these several grants of power, and others not necessary to enumerate here, it is obvious that it was the legislative intent that cities and like municipalities should have the power to adopt ordinances tending to promote the general welfare of the public in the use of the streets. It was not necessary that the power be derived from a single

grant but it may rest on several grants, (*City of Chicago* v. *Arbuckle Bros.* 344 Ill. 597,) and the right to regulate sales upon streets, sidewalks and public places *ipso facto* carries with it the authority not only to impose reasonable restric- tions and regulations but even to suppress sales thereon. (*People* v. *Thompson,* 341 Ill. 166; *City of Chicago* v. *Collins, supra.*) The basic purpose of a street is to afford a way for traffic, both pedestrian and vehicular, to the pub- lic, and the public is rightfully entitled to the use of such thoroughfare free of all obstructions and impedimenta which tend to delay or obstruct traffic or annoy the public in the use of the streets. (*City of Chicago* v. *Collins, su- pra,* p. 455; *City of Chicago* v. *McKinley,* 344 Ill. 297, 304.) It is the duty of the city to maintain its streets in such condition that the public shall at all times have the unobstructèd use thereof. (*People* v. *Corn Products Re- fining Co.* 286 Ill. 226; *People* v. *Harris,* 203 id. 272.) Inasmuch as we hold that the city was acting within the terms of· the legislative grants to it in enacting the ordi- nance about which the controversy has here arisen, the bur- den is upon the defendant to show that the ordinance is unreasonable. *Chicago and Alton Railroad Co.* v. *City of Carlinville,* 200 Ill. 314; *Biffer* v. *City of Chicago,* 278 id. 562; *McCray* v. *City of Chicago,* 292 id. 60; *Fergu- son Coal Co.* v. *Thompson,* 343 id. 20.

The defendant contends that the ordinance is unreason- able in that (1) there is no sufficient legal reason why the ordinance should permit the sale of daily newspapers and prohibit the sale of magazines within the restricted terri- tory; and (2) that there is no substantial basis for desig- nating either of the two prohibited areas in which com- merce cannot be carried on freely.

It is a matter of common knowledge that the Loop and the Wilson avenue districts are severally highly congested areas for travel and transportation, and of this fact we take judicial notice. (23 Corpus Juris, sec. 1992, p. 165.)

It doubtless was the thought of the municipal authorities that the indiscriminate sale of articles of merchandise upon the streets in the prohibited territory tended to impede, delay and obstruct traffic, thereby impairing the legitimate use of the streets. The hampering of traffic movement in the congested areas was a problem presented to the municipal authorities for solution. They were not concerned with the fact that withdrawal of the use of such streets for private gain by street vendors and peddlers might possibly work a hardship in individual cases on those engaged in such commercial pursuits, but realizing it was the city's obligation to arrive at, as nearly as might be, a practical remedy for the relief of the unfavorable travel situation in those streets, overburdened with traffic, the municipal authorities determined upon this ordinance as an appropriate legal remedy.

It is our duty in passing upon the reasonableness of the ordinance to consider the circumstances and conditions existing at the time of its passage and the evils sought to be corrected. (*Biffer* v. *City of Chicago, supra.*) Even though we might not agree with the judgment of the municipal body in the passage of such ordinance and think it oppressive, yet if it was within the powers granted the municipality we have no right to disturb the ordinance (*Metropolis Theater Co.* v. *City of Chicago,* 246 Ill. 20, affirmed in 228 U. S. 61, 57 L. ed. 730,) unless it is clearly unreasonable. (*City of Chicago* v. *Clark,* 359 Ill. 374.) It is not within the province of the judiciary to set up its judgment as to the necessity and appropriateness of the legislative act so long as the same may not clearly be unreasonable. (*Ferguson Coal Co.* v. *Thompson, supra; Dorwart* v. *City of Jacksonville,* 333 Ill. 143; *Melton* v. *City of Paris,* id. 190.) Under the special circumstances existing in the Loop and the Wilson avenue areas it was not necessary that the ordinance apply to all portions of the city. (*City of Chicago* v. *McKinley, supra; Ferguson Coal*

*Co.* v. *Thompson, supra; Commonwealth* v. *Abrahams,* 156 Mass. 57, 30 N. E. 79; *People* v. *Keir,* 78 Mich. 98, 43 N. W. 1039.

The defendant earnestly insists that because the ordinance permits the sale of daily newspapers within the prohibited districts the ordinance is thereby unconstitutional. In taking up this phase of the case we should glance for the moment at the position of the defendant who is attacking the constitutionality of the ordinance. He is seeking to carry out his private commercial enterprise for his own personal financial profit, on the streets within the Loop district, one of the forbidden domains. Although he may have, prior to the passage of the ordinance, pursued his calling on the streets, his use thereof was solely a permissive one. He had no inherent right to operate his business in or upon the streets of the city. (*People* v. *Thompson, supra; People* v. *Wolper,* 350 Ill. 461; *People* v. *Clean Street Co.* 225 id. 470; *Wade* v. *Nunnelly,* 19 Tex. Civil App. 256, 46 S. W. 668; *Rosa* v. *City of Portland,* 86 Ore. 438, 168 Pac. 936; *Greene* v. *City of San Antonio,* 178 S. W. (Tex.) 6; *West* v. *City of Waco,* 294 S. W. (Tex.) 832.) That someone else is given the privilege of selling newspapers, (a commodity not within the same class as the article the defendant was exposing for and offering for sale,) did not constitute an unconstitutional discrimination against him. The classification made by the city by which daily newspapers were exempt from the operation of the ordinance was valid. *People* v. *Thompson, supra; Rosa* v. *City of Portland, supra; Philadelphia* v. *Brabender,* 201 Pa. St. 574, 51 Atl. 374.

Nor does the ordinance run counter to the fourteenth amendment to the constitution of the United States nor to the cited sections of the State constitution. The ordinance affected all persons engaged in the same business equally under like conditions. (*Churchill* v. *Albany,* 65 Ore. 442, 133 Pac. 632.) Nor did the ordinance offend against the

equality provision of the constitution. The equality of enjoyment is not within the constitutional guaranty. Such guaranty does not mean that a legislative act will operate alike upon all citizens. The equality of right is the equality guaranty. (*Weksler* v. *Collins,* 317 Ill. 132; *Stebbins* v. *Riley,* 268 U. S. 137, 69 L. ed. 884; *Packard* v. *Banton,* 264 id. 140, 68 L. ed. 596; *In re Opinion of the Justices,* 81 N. H. 566; 39 A. L. R. 1023, 1027, 129 Atl. 117.) The defendant had no property right in the use of any of the streets of Chicago for the location and maintenance of his business. He was therefore not deprived of liberty and property without due process of law; nor did the ordinance deprive him of any equality of right, contrary to the fourteenth amendment of the United States constitution or section 2 of article 2 of the Illinois constitution.

The next constitutional objection for consideration is the proposition urged by the defendant that by prohibiting the sale or offering for sale of magazines by him, section 4 of article 2 is violated by the provisions of the ordinance, in that all persons may not "freely * * * write or publish on all subjects." The defendant cites in support of this branch of the case, *Star Co.* v. *Brush,* 172 N. Y. Supp. 320, and *Ex parte Neill,* 32 Tex. Crim. 275. In the New York case the court there held invalid and unconstitutional because it sought by indirection to restrain and abridge the freedom of the press, an ordinance which prohibited the sale of newspapers without first obtaining a license. In the Texas case the ordinance before the court declared a newspaper to be a public nuisance. The Texas court held the ordinance violative of the bill of rights. We are in accord with the decision in each case. But giving to each of these cases full consideration and the benefit of all inferences and intendments that may reasonably be drawn therefrom, they do not, in our opinion, fortify the defendant's position. The defendant has not been deprived of any supposed right freely to sell any magazines which are written

or published on any subject. The ordinance has merely regulated his business of making sales on the streets in certain restricted regions in the city. His business has not been suppressed. The business of all others in a like situation and like business has been equally regulated. Such regulation does not run against the grain of the constitution. (*Goodrich* v. *Busse,* 247 Ill. 336; *Commonwealth* **v.** *Davis,* 162 Mass. 510; *Metropolis Theatre Co.* v. *City of Chicago, supra.*) The ordinance does not prohibit the sale nor the offering for sale of any magazines or any like publications in the city nor interfere with the circulation thereof.

The ordinance provides that the mayor may, in his discretion, authorize the commissioner of compensation to issue temporary permits to street vendors authorizing them to sell toys and novelties within the restricted districts between December 15 and December 25 of each year. The final assault of the defendant on the constitutionality of the ordinance is made against this latter feature. The defendant urges that such proviso is an unlawful delegation of authority to the mayor and commissioner. The defendant's business is not within the class of businesses classified as the merchandising of toys and novelties. The offense charged against him was not alleged to have been committed within the permissive period of December 15 to December 25. He does not claim that he applied for a permit to sell toys or novelties and that it was refused him. The provision of the ordinance with reference to permits that might be issued for the ten-day period immediately prior to Christmas for the sale of toys and novelties is not involved in this proceeding and does not concern the defendant. Not being injuriously affected by such terms of the ordinance he cannot challenge its constitutionality or validity. *Gundling* v. *City of Chicago,* 176 Ill. 340, affirmed in 177 U. S. 183, 44 L. ed. 725; *City of Chicago* v. *Foley,* 335 Ill. 584; *Mammina* v. *Alexander Auto Service Co.* 333 id. 158; *People* v. *Diekmann,* 285 id. 97.

A large number of cases are cited by the defendant in the fight waged by him upon the constitutionality of the ordinance, but he apparently relies particularly upon *People* v. *Weiner*, 271 Ill. 74, *People* v. *Steele*, 231 id. 340, and *Bailey* v. *People*, 190 id. 28. In each of these cases each of the defendants was pursuing an innocent lawful business having a location of his own where he had an inherent right to carry on his business. The legislative acts there before the court sought either to suppress or regulate such business and were clearly in contravention of the due process provisions of the State and Federal constitutions. In the case at bar the business of the defendant is in itself an innocent, lawful business but he is undertaking to pursue it at a place where he has no innate right to carry it on. Such *locus in quo* is in control of the city. It has legally ordained that such business may not be pursued within the prescribed boundaries. As applied to the defendant that is a reasonable regulation.

The complaint was not insufficient because it charged the defendant had not theretofore obtained from the commissioner of compensation a permit to sell or offer for sale magazines. No authority was granted for the issuance of such permit and the recital in the amended complaint concerning the non-issuance of such permit was surplusage and not material.

The municipal court of Chicago was in error in sustaining defendant's motion to strike and in entering judgment discharging the defendant. The judgment is reversed and the cause is remanded to that court, with directions to overrule the defendant's motion to strike the amended complaint. *Reversed and remanded, with directions.*