(No. 4882—

RAYMOND A. HARPER and PHYLLIS M. HARPER, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

SCOTT AND SEBO, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; WILLIAM H. SOUTH, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimants seek recovery of $7,500.00 for damages allegedly sustained to real estate owned by them. It is claimed that the damages resulted from the alteration by the State of Illinois of State Route No. 9 and U.S. Route No. 24, and the intersection of these routes in the Village of Banner, Fulton County, Illinois.

Claimants have alleged the following:

Claimants purchased the property, which will be designated herein as Tracts I and II, on contract in 1942. In 1944, they obtained a deed to the premises, having paid $1,500.00 for both tracts. Tract I was improved with a home, where the parties lived from 1942 to 1954, a garage, a well, and a storm cave. Tract II was, at the time of the purchase, and is now unimproved. Tract I abuts the right-of-way of U.S. Route No. 24 on the north, and abuts the right-of-way of a portion of Route No. 9 on the west. It is separated from the south edge of the right-of-way of Route No. 9 by a small tract of land. Tract II lies south of Tract I, and abuts Route No. 24 on the south.

Claimants rented their home on Tract I for $35.00 per month from 1954 to August, 1958, when the tenants were forced to move because of flooding. No tenants have lived there since.

Claimants spent approximately $2,000.00 on improvements to the house while they lived on the premises, in that they, among other improvements, added a room, installed a septic tank, repaired the foundation, and put doors on the cave and the garage.

In 1958, the State of Illinois commenced reconstruction of Routes Nos. 24 and 9. The intersection and claimants' access to said routes were changed. Claimants' driveway now empties onto Route No. 24 at a 90° angle, and their former direct access to Route No. 9 is cut off. To go northeast on Route No. 24, one must now cross a raised divider. Prior to the construction, claimants were able to drive onto a curve and immediately onto Route No. 9 or 24.

In the spring of 1958, the State of Illinois commenced to grade the slopes, remove trees and shrubs, and completed the change in the intersection. Route No. 9 was raised, and the grades increased in slope toward the property of claimants. Heavy rains fell, and surface water poured down the graded slopes of Routes Nos. 9 and 24, particularly Route No. 9, washing down with it great quantities of mud and silt. The basement of the house and the cave filled with mud, and, at the time the water level was highest, it came to a point approximately six inches below the windows in the kitchen, approximately four feet high. Water and silt covered the back porch, and the basement was completely flooded. As a result, the foundation cracked and settled, the boards swelled, the septic tank was destroyed, and the walls of the house cracked. Since the flooding in August of 1958, the basement has flooded on two different occasions. The amount of mud now flowing across Tract I has diminished, but water still flows across the tract and past the house at a greater rate and quantity than before the change in

roads. The well on Tract I was contaminated by this flooding. The yard was covered by mud up to one foot thick in spots, and the driveway cannot be used to get into the garage after a rain. The lot is presently without utilities.

Tract II has not been used for any purpose for several years, but was once used as a garden by claimants. Tract II has been flooded most of the time since the change in the roads. Claimants were offered $500.00 for Tract II three or four years prior to the road change.

Claimants testified that, from 1942 until 1958, they had trouble with water on Tract I on only one occasion. In 1942 water seeped from the cave and into the basement. The property has always been below the level of the highways.

According to Alvin Moine, respondent's engineer, mud and silt did flow across claimants' property. He testified that Route No. 9 was widened and resurfaced, the shoulders were widened, the slopes were flattened, the grades were changed about three or four inches, and the shoulders were raised approximately three or four inches. He stated that, prior to the rain on June 24, 1958, the removal of the trees, shrubs and top soil had been done, and that more water will flow across this type of area than one which has foliage. A paved ditch, flume and burn, which, according to Mr. Moine, is a deterrent to water flow, had not been constructed by respondent at the time of the rainfall in June, 1958. This project was completed in July, 1959.

Article II, Sec. 13 of the Illinois Constitution of 1870, provides:

"Private property shall not be taken or damaged for public use without just compensation."

It is the opinion of the Court that the damage to claimants' property was in fact caused by the State of

Illinois through its reconstruction of Routes Nos. 9 and 24 through grading and alteration of drainage in conjunction with rainfall, which caused silt, mud and water to wash across claimants' property.

The remaining question is the extent of damages to claimants' property.

Harold W. Omer, called as a witness on behalf of claimants, testified that he appraised property for estates and for the bank of which he is cashier. In his opinion, Tract I was worth approximately $3,500.00 to $4,000.00 prior to the spring of 1958, but was worthless at the present time. He stated that the premises could not be lived in or sold to anyone as living quarters, and did not have a commercial value in its present state.

Ray Hartle, a carpenter, and a contractor in the building, renovation and repair of homes, estimated that it would cost about $4,800.00 to restore the property to useable and liveable quarters.

Respondent presented the testimony of Berwyn D. Johnson, who also appraised Tract I. Prior to August, 1958, he estimated the property to have been worth $4,500.00. He estimated the value of the property at the time of the hearing to be about $2,000.00, since he feels the commercial value of the property has increased since August, 1958.

The Court has held that, where private property is not taken by reason of the construction of a public improvement, but is damaged, the owner is entitled to recover the difference between the fair cash market value of the property unaffected by the improvement, and its fair cash market value as affected by it. *Nauyoks* vs. *State of Illinois,* 11 C.C.R. 542; *Harbeck* vs. *State of Illinois,* 13 C.C.R. 70.

Claimants' request for recovery because of mere inconvenience in access to Routes Nos. 24 and 9 is without merit, since the law is clear that claimants have no property right in the use of the highways. *City of Chicago* vs. *Rhine*, 363 Ill. 619; *Williams* vs. *State*, 21 C.C.R. 357.

Claimants have not proved any ascertainable amount of damage in connection with Tract II.

The determination of damages in an instance such as this is a difficult task. The Commissioner, who has had a first-hand opportunity to observe the demeanor of the witnesses, has recommended that the Court assess damages of $2,500.00. We believe his conclusion to be reasonable.

We, therefore, award claimants the sum of $2,500.00.