Mr. Donald R. Hall City Attorney City of Fort Lauderdale Post Office Drawer 14250 Fort Lauderdale, Florida 33302
Dear Mr. Hall:
This is in response to your request for an opinion on the following question:
 MAY A MUNICIPALITY ENFORCE THE PROVISIONS OF s 339.301, F.S., AGAINST VENDORS WHO SELL NEWSPAPERS WHILE STANDING UPON STATE-MAINTAINED ROADS AND MEDIANS AND SIDEWALKS ADJACENT THERETO?
Section 339.301(1), F.S., now s 337.406(1), F.S. (1984 Supp.), provides in pertinent part:
 Except when otherwise authorized by law or by the rules of the department [of Transportation], it is unlawful to make any commercial use of the right-of-way of any state-maintained road, including appendages thereto, and also including, but not limited to, rest areas, wayside parks, boat-launching ramps, weigh stations, and scenic easements. Such prohibited uses include, but are not limited to, the sale, or the display for sale, of any merchandise; . . . the solicitation for the sale of goods, property, or services
. . . .
See, s 337.406(2) stating that persons holding valid peddlers' licenses issued by appropriate governmental entities are authorized to make sales from vehicles standing on the right-of-way to occupants of abutting property only. Violations of the statute, or any rule of the Department of Highway Safety and Motor Vehicles (hereafter the department) promulgated thereunder, are declared to be misdemeanors of the second degree, punishable as provided in s 775.082 or s 775.083. See, s 337.406(3) authorizing and directing the department and other law enforcement agencies to enforce the statute. Cf., AGO 83-41 concluding that a municipal police department is a law enforcement agency.
Section 334.03(16), F.S. (1984 Supp.), defines "right-of-way" for purposes of the Florida Transportation Code as "[l]and in which the state, the department, a county, or a municipality owns the fee or has an easement devoted to or required for the use as a public road." And see, s 334.03(17), F.S. (1984 Supp.), defining "road" to include "streets, sidewalks, alleys, highways, and other ways open to travel by the public, including the roadbed, right-of-way, and all culverts, drains, sluices, ditches, water storage areas, waterways, embankments, slopes, retaining walls, bridges, tunnels, and viaducts necessary for the maintenance of travel and all ferries used in connection therewith." (e.s.) Based upon the foregoing definitions, it appears that the general prohibition against the sale of merchandise on state-maintained roads and appendages thereto, including the right-of-way, would be applicable to vendors standing on the median and on sidewalks adjacent to a state-maintained road.
Neither s 337.406, F.S., nor any other rule of the department promulgated thereunder makes any exception for newspapers or newspaper vendors. See, Rule 14-20.01, F.A.C., stating that "[i]t is the policy of the department to clear all rights-of-way throughout the state of all private and commercial users, except to the extent that they are specifically permitted by written policy of the department. The district engineers are hereby directed, in conjunction with the legal office, to effect removal of all encroachments at the earliest possible date." Compare, Rule 14-20.02 and Ch. 14-59, F.A.C., governing solicitation for religious purposes. Therefore, in the absence of a statute or rule of the department exempting the sale of newspapers or newspaper vendors from the prohibition contained in s 337.406, the sale of newspapers by vendors standing on a state-maintained highway or on the median or sidewalk adjacent thereto appears to be prohibited by s 337.406.
Your letter raises a question as to whether a municipality may constitutionally prohibit the sale of newspapers in these areas.
While Florida courts have yet to address this issue, courts of other jurisdictions have held that the prohibition of the sale of newspapers by vendors on state-maintained roads by municipal police officers is a legitimate exercise of police power where the road is judicially construed as that portion of the street used by vehicles. See, Welton v. City of Los Angeles, 556 P.2d 1119
(Cal. 1976) (prohibiting dissemination of anything in the path of cars, trucks and buses obviously furthers the public safety); Chicago v. Rine, 2 N.E.2d 905 (Ill. 1936). And see, Shuttlesworth v. Birmingham, 394 U.S. 147 (1969) (every municipality has right and duty in the reasonable exercise of the police power to control and regulate the use of public streets and sidewalks in order to keep them open and available for movement). Cf., Cox v. New Hampshire, 312 U.S. 569 (1941) (governmental regulation of street traffic is legitimate exercise of police power).
However, as you note in your letter, blanket prohibitions against using public streets and sidewalks for newspaper distribution have been held unconstitutional by courts in other jurisdictions. See, e.g., Southern New Jersey Newspapers, Inc. v. State of New Jersey,542 F. Supp. 173 (D.N.J. 1982) (state statute unconstitutionally abridged First Amendment rights when applied so as to totally prohibit erection or maintenance of newspaper honor boxes within right-of-way of state highways); Gannett Co., Inc. v. City of Rochester, 330 N.Y.S.2d 649 (N.Y.Sup.Co. 1972) (ordinance making it unlawful for stand, machine, box or other structure for display or storage of newspapers on any sidewalk without obtaining permit and providing proof of insurance or financial responsibility and imposing criminal sanctions for violations created prior restraint on First Amendment rights). The courts have held that the guarantee of freedom of the press and freedom of speech protected by the First and Fourteenth Amendments to the United States Constitution "extends to means of distribution of the newspaper, as well as to its content and the ideas expressed therein." Philadelphia News Inc. v. Borough Counsel, Major, Manager and Director of Public Works of the Borough of Swarthmore, 381 F. Supp. 228,240 (E.D.Pa. 1974); Miller Newspaper, Inc. v. City of Keene,546 F. Supp. 831 (D.N.H. 1982). And see, Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 504 (1981); Smith v. California,361 U.S. 147, 150 (1959), holding that First Amendment considerations are not lost or diminished because newspapers are sold commercially rather than distributed freely. The right of access to public streets and sidewalks has long been recognized as essential to the exercise of First Amendment freedoms, see, Hague v. CIO,307 U.S. 496 (1939), and the right of access includes the right to distribute printed material, see, Flowers v. United States,407 U.S. 197 (1972). And see, Washington Mobilization Committee v. Cullinane, 566 F.2d 107 (C.A.D.C. 1977) (Constitution mandates that access to streets, sidewalks, parks and other similar public places cannot be denied broadly and absolutely). While municipalities may impose reasonable time, place and manner restrictions on the sale and distribution of newspapers, it may do so only by "narrowly drawn regulations designed to serve those interests without unnecessarily interfering with First Amendment freedoms." Village of Schaumburg v. Citizens for a Better Environment, 444 U.S. 620 (1980); Gannet Satellite Information Network v. Town of Norwood, 579 F. Supp. 108 (D.Mass. 1984); Miami Herald Pub. Co. v. City of Hallandale, 734 F.2d 666 (11th Cir. 1984).
In light of the foregoing, I am of the opinion that municipal police officers may enforce the provisions of s 337.406, F.S. (1984 Supp.), against vendors who sell newspapers while standing upon that portion of a state-maintained right-of-way used by vehicles and the adjoining median as a reasonably drawn restriction on the constitutionally protected rights of freedom of the press and freedom of speech. However, enforcement of the statute against newspaper vendors standing upon the sidewalk adjacent to a state-maintained road may be subject to attack as a violation of those constitutionally protected rights. This office, however, has no authority to either declare the statute unconstitutional or advise noncompliance with its direction or mandate but rather must presume the constitutionality of the statute until such time as it is declared invalid by a court of competent jurisdiction. Cf., AGO's 78-64 and 77-99; see generally, Deltona Corporation v. Bailey, 336 So.2d 1163 (Fla. 1976).
In light of the constitutional issues raised, the Legislature may wish to reexamine the provisions of s 337.406 so as to clarify its terms and the authority of the state and local governments to regulate the activities of newspaper vendors within the strict constitutional limitations. Moreover, the city, if in doubt as to the statute's validity or its application to newspaper vendors or the city's duties, may wish to bring an appropriate judicial proceeding for declaratory relief. Cf., State ex rel. Harrell v. Cone, 177 So. 854 (Fla. 1937); Franklin County v. State, 3 So. 471
(Fla. 1888).
Therefore, unless and until judicially or legislatively determined to the contrary, I am of the opinion that municipal police officers may enforce the provisions of s 337.406, F.S. (1984 Supp.), against vendors who sell newspapers while standing on portions of a state-maintained road used by vehicles and the adjoining median. While the prohibition contained in s 337.406
would also appear to prohibit the sale of newspapers on the sidewalk adjacent to the state-maintained road, such enforcement of the statute may encounter constitutional difficulty; however, the Attorney General's Office cannot declare a statute unconstitutional nor comment upon its constitutional validity. Therefore, I am unable to render an opinion on the constitutional validity of s 337.406 as it applies to the sales activity of newspaper vendors on sidewalks adjacent to state-maintained roads.
Sincerely,
Jim Smith Attorney General
Prepared By:
Gary L. Printy Assistant Attorney General