### Daniel Cohen et al., trading as David Cohen and S. E. Wolf, trading as Goodman & Wolfe, Appellants, v. City of Danville, Appellee.

1. APPEAL AND ERROR, § 1718*—*what is waived by appeal to Appellate Court*. The constitutionality of a municipal ordinance is for the determination of the Supreme Court, and such question is waived by taking an appeal to the Appellate Court.

2. MUNICIPAL CORPORATIONS, § 93*—*when ordinance is presumed valid*. The presumption is in favor of the validity of a municipal ordinance, and the burden is on one who attacks it as unreasonable to show affirmatively and clearly that it is so.

3. MUNICIPAL CORPORATIONS, § 847*—*when ordinance regulating junk dealers is not unreasonable*. The fact that the ordinance establishing the territory in which junk stores and junk yards may be located includes in the prohibited area some territory which would be suitable and proper for conducting such business and practically restricts the lawful location of such business to the residential portion of the city does not render such ordinance unreasonable.

4. MUNICIPAL CORPORATIONS, § 91*—*what court may determine invalidity of ordinance*. The legality or illegality of an ordinance is purely a question of law which a common-law court is competent to decide.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. INJUNCTION, § 92*—*when court of equity will not enjoin ordinances.* A court of equity will not restrain a prosecution for the violation of a municipal ordinance except to prevent irreparable injury or a multiplicity of suits.

6. INJUNCTION, § 92*—*when irreparable injury is not shown.* The allegation in a bill to restrain the enforcement of the provisions of an ordinance regulating the location and licensing of junk stores and junk yards, that under such ordinance complainants would be required to move their business outside of the prescribed boundaries before a certain date and to erect buildings and equipment at a cost of .not less than $15,000, and that by reason of a federal embargo there is a shortage of material and labor which will make the removal in the time fixed practically impossible is not a sufficient showing of irreparable injury where the ordinance does not contain such requirement and complainants further allege that they do not intend to move their business but intend to retain their location.

7. INJUNCTION, § 92*—*when multiplicity of suits warranting restraining of ordinance does not appear.* A bill to restrain the enforcement of a municipal ordinance regulating the location and conducting of junk business which alleges that there are other firms, corporations and property owners affected by the purported ordinance and that the suit is brought on behalf of the complainants as well as all other persons, firms or corporations similarly situated and doing business in said city and the owners of property included in the district described in the ordinance in which the conduct of junk business is prohibited, but not alleging the business in which the other firms, corporations and owners are engaged, nor how the ordinance affects, nor making any claim that they are being prosecuted, threatened with, or liable to, prosecution for violation of the ordinance, does not make such a showing of a multiplicity of suits as to warrant the court in restraining the enforcement of the ordinance on such ground.

Appeal from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

SWALLOW & BOOKWALTER, for appellants.

W. O. EDWARDS, O. M. JONES and A. A. JOHNSON, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The City of Danville, appellee, passed an ordinance to regulate the location of junk stores and junk yards and the licensing thereof outside of certain limits. Section one, of the ordinance, provided that "on and after January 1, 1919, it shall be unlawful to locate, build, construct, keep, conduct, operate or maintain a junk store or junk yard, either at wholesale or retail within one hundred feet of any church, public or parochial school or hospital in the city or in the following described territory," and then describes the territory. Section two declares it to be unlawful, after January 1, 1919, to locate, build, construct, keep, conduct, operate or maintain any junk store or junk yard in any other territory in said city than such as it described in section one of such ordinance, without first having obtained a license therefor. The two remaining sections of the ordinance are in reference to the contents of an application for a license and the penalty for violations of the provisions of the ordinance.

At the time the ordinance was passed four of the appellants, in the name of one of them, and the remaining appellant, under a firm name, were operating two junk stores and junk yards within the limits prohibited by the first section of the ordinance.

Appellants filed a bill in equity seeking to enjoin the enforcement of the provisions of the ordinance asking that it be decreed, by the court, to be invalid, null, void and of no force or effect. A demurrer was interposed to the bill on the ground that appellants had a complete and adequate remedy at law. The demurrer was sustained. The bill was dismissed for want of equity. Appellants assign as error the action of the court in dismissing the bill; deny that they have a complete and adequate remedy at law and insist that a court of equity should take jurisdiction for the purpose of preventing a multiplicity of suits

and irreparable injury, and determine whether or not the ordinance is constitutional and reasonable. So the question of the constitutionality of the ordinance and whether or not it is reasonable is presented for determination.

If there is a question of the constitutionality of the ordinance to be determined, that would be a matter for the Supreme Court and was waived by the appeal to this court. *Pittsburg, C., C. & St. L. Ry. Co. v. City of Chicago*, 242 Ill. 178, 185.

The presumption is in favor of the validity of the ordinance and it is incumbent upon appellants, who are attacking it as being unreasonable, to show affirmatively and clearly that it is so. (*People v. Village of Oak Park*, 266 Ill. 365, 370.) The allegations of the bill, filed in this case, to show wherein the unreasonableness of the ordinance consists are, ''that the boundaries fixed in section one within which it is declared to be unlawful to operate a junk yard on and after January 1, 1919, is unreasonable in this that it includes territory within said boundaries which is suitable and proper for conducting said business and at the same time makes the residential portion of said city practically the only territory in which a junk store can be legally located.''

Appellee has a right, under power conferred by clause ninety-five, of section sixty-two, chapter twenty-four of Hurd's Revised Statutes (J. & A. ¶ 1334) to direct the location of junk stores and junk yards and it would be a difficult matter to establish a boundary in which such stores and yards might not be located that did not include some territory suitable and proper for said business. The fact alone that some of such territory is so included within the prohibitory boundary would not render the ordinance unreasonable nor could it be said, as a matter of law, that the ordinance was unreasonable in making the residential portion of the city practically the only ter-

ritory in which such business could be conducted. Proof of the facts as they exist might result in a different conclusion. The legality or illegality of an ordinance is purely a question of law, which the common-law court is competent to decide. (*Poyer v. Village of Des Plaines,* 123 Ill. 111, 115.)

Appellants recognize the rule that courts of equity will not interfere to restrain a prosecution for the violation of a municipal ordinance except to prevent irreparable injury or a multiplicity of suits and to bring themselves within the first exception the bill, after setting out the ordinance in full, alleges that "under and by virtue of the terms of said ordinance it is provided that the complainants must move their business so established * * * from their present respective locations to some point outside the boundaries prescribed in said ordinance on or before January 1, 1919, or be subject to a fine"; that the business of complainants is such that it would require buildings with certain appliances and equipment to be erected at a cost of not less than $15,000; that there existed an embargo by the U. S. Government, on the construction of business buildings and the shipping of building materials of all kinds from the date of the passage of the ordinance to the first day of December following; that there is a shortage of building materials and of labor both skilled and common making it physically impossible to remove their business to some location outside the limits prescribed within the required time.

The ordinance does not contain the above quoted provision. While the existence of such an embargo and difficulty in procuring labor and materials would seriously affect persons desiring to construct buildings, it certainly would have no effect on any one not intending to do so, and we take it, from the allegations in the bill, that complainants are in the latter class, as they not only allege no disposition on their

part to remove their places of business, if the same could be done, but do allege that they intend to con-, tinue in their present locations after January 1, 1919, for the reason that the ordinance is null and void.

The question that confronts appellants, as a result of the passage of the ordinance, is not the difficulties and expense of the removal of their places of business to another part of the city but whether or not they can continue in their present locations. Appellee with power so to do has ordained that they cannot do it.

Appellants to bring themselves within the second exception, above noted, allege that there are other firms, corporations and property owners affected by the purported ordinance, and that this suit is brought for and on behalf of the complainants as well as all other persons, firms or corporations similarly situated and doing business in the City of Danville and the owners of property included in the district described in the first section of the ordinance.

There is no allegation as to the business in which the other firms, corporations or property owners are engaged, nor how they are affected by the ordinance in question, or any claim that they are being prosecuted or threatened with a prosecution for its violation, or liable to any prosecution.

The allegations of the bill in reference to irreparable injury or multiplicity of suits would not justify a court of equity in enjoining appellee from enforcing the provisions of the ordinance, nor in declaring it to be invalid and of no force or effect. There is no reason apparent to us why the validity of the ordinance may not properly be determined by a court of law.

*Decree affirmed.*