(No. 20265.—■■■■■■■■■■■)

THE PEOPLE *ex rel.* Wesley Johns, Appellant, *vs.* WILLIAM HALE THOMPSON, Mayor, *et al.* Appellees.

*Opinion filed October 25, 1930.*

HENRY M. SELIGMAN, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, CARL J. APPELL, and BENJAMIN J. KANNE, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Wesley Johns, as relator, filed a petition for *mandamus* in the superior court of Cook county against the mayor of the city of Chicago and the members of the public vehicle license commission of said city to compel the issuance to him of a taxicab vehicle license in the city of Chicago. A demurrer was interposed by the defendants to the petition and was sustained. The petitioner elected to abide by his petition and it was dismissed. An appeal from the judgment dismissing the petition was prayed and allowed, and the trial court made a certificate that the validity of a municipal ordinance was involved and that the public interest required the appeal to be taken direct to this court.

The relator was the owner of an automobile and applied 'for a license to operate it as a taxicab in the city of Chicago. Some years previously the city had passed an ordinance creating the public vehicle license commission, whose duty it was to pass on the applications for vehicle licenses. September 25, 1929, the city council of Chicago passed an amendatory ordinance, which provided that no taxicab license as provided therein should be issued unless the public vehicle license commission should declare that public convenience and necessity required the proposed taxicab service. The amendatory ordinance required that upon filing application for a license the public vehicle license commission should cause notice of the filing of such application to be published in one of the leading daily newspapers of Chicago, which notice was to be paid for by the applicant, and that a public meeting thereon would be held at a public place designated therein, not less than five or more than fifteen days from the date of the first publication. The

amendatory ordinance also provided that thereafter the holders of existing taxicab licenses were entitled to file complaints and protest, and that at all of such public hearings the burden of proof was upon the applicant to establish by clear and convincing evidence that public convenience and necessity required the operation of the vehicle for the use applied for. The relator refused to comply with the amendatory ordinance or to pay for the publication of the notice of the public meeting, none was held, and the commission refused to recommend the issuance of the license.

Appellant contends that the ordinance as amended is unconstitutional and void because it is special legislation, is discriminatory, and creates a judicial body to hear the application. It is also contended the Public Utilities act of the State took away from cities and villages all power theretofore exercised by them with reference to public utilities; that a taxicab is a public utility, but if it is not, then the ordinance is void as imposing unnecessary burdens on one class of persons operating privately conducted vehicles. It is further contended the ordinance delegates to a subordinate body unregulated discretion.

The sole limitation upon a city council with reference to the passage of local or special laws is that an ordinance should be reasonable. (Dillon on Mun. Corp. sec. 589.) The power to pass the ordinance in question is authorized under sections 1, 7, 9, 42, 66 and 102 of· article 5 of the Cities and Villages act. (Smith's Stat. 1929, p. 350.)

The Public Utilities act does not take from cities and villages the previously conferred power to regulate taxicabs. The taxicab business, as a general rule, does not include the operation of a conveyance or vehicle over specified routes, under a regular schedule as to time or between definite points, and hence, within the meaning of the Public Utilities act, a taxicab is·not ordinarily a public utility. (*Newcomb* v. *Yellow Cab Co.* P. U. R. 1916-B, 983; *Southern Illinois Light and Power Co.* v. *Norton,* id. 987;

*Austin Bros. Transfer Co.* v. *Bloom,* 316 Ill. 435.) The right to regulate includes the right to impose reasonable conditions and restrictions. (*Westgate* v. *Adrian Township,* 162 N. W. (Mich.) 422; *McWethy* v. *Aurora Electric Light and Power Co.* 202 Ill. 218.) The power to regulate the use of streets by vehicles includes the power to promote the general welfare and prevent accidents, and the reasonableness of police regulation is not necessarily what is best but what is fairly appropriate under all circumstances. (*Weksler* v. *Collins,* 317 Ill. 132; *Sligh* v. *Kirkwood,* 237 U. S. 52.) An ordinance will be presumed reasonable until the contrary is proved. (*City of Chicago* v. *Washingtonian Home,* 289 Ill. 206; *People* v. *Village of Oak Park,* 266 id. 365.) The legislative branch of the State or city may delegate to an administrative board duties involving the exercise of administrative discretion. *City of Chicago* v. *Marriotto,* 332 Ill. 44; *People* v. *Roth,* 249 id. 532; *Block* v. *City of Chicago,* 239 id. 251; *Arms* v. *Ayer,* 192 id. 601.

The ordinance in question does not delegate unregulated discretion to the public vehicle license commission. (*City of Chicago* v. *Washingtonian Home, supra; Arms* v. *Ayer, supra; Milstead* v. *Boone,* 301 Ill. 213.) The foregoing authorities sustain the proposition that a city council may authorize others to do things which it might properly but cannot understandingly or advantageously do.

The ordinance is not discriminatory on the ground that it singles out taxicabs for regulation and does not apply to private vehicles or other public vehicles drawn by horses. No one has any inherent right to use the streets or highways as a place of business. Where one seeks a special or extraordinary use of the streets or public highways for his private gain, as by the operation of an omnibus, truck, motorbus or the like, the State may regulate such use of the vehicle thereon or may even prohibit such use. *Chicago Motor Coach Co.* v. *City of Chicago,* 337 Ill. 200; *Packard*

v. *Banton,* 264 U. S. 140; *Davis* v. *Massachusetts,* 167 id. 43; *Weksler* v. *Collins, supra.*

The superior court did not err in sustaining the demurrer to and dismissing the petition, and the judgment is affirmed.

*Judgment affirmed.*