## Jesse Jones et al., Appellees, v. City of Chicago et al., Appellants.

### Gen. No. 45,841.

Opinion filed November 6, 1952. Released for publication December 9, 1952.

JOHN J. MORTIMER, Corporation Counsel, of Chicago, for appellants; JOSEPH F. GROSSMAN, and GERALD M. CHAPMAN, both of Chicago, of counsel.

FRED J. GINSBURG, HARRY RUBENSTEIN, and S. RICHARD FINE, all of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

The first count of a complaint filed in the superior court of Cook county by ten persons, firms or corporations who are operators of public passenger motor vehicles commonly known as liveries, sought to enjoin the City of Chicago, its officers and agents from enforcing certain provisions of chapter 28 of the Municipal Code. The second count asked for a declaratory judgment that such provisions are invalid. Radio Flash Corporation, furnishing radio communication service to a large group of individuals having taxicab licenses and also furnishing such service to one of the plaintiffs, Service Livery, Inc., was joined as a defendant with a prayer that it be enjoined from discontinuing its radio service to that plaintiff, which claimed a right to the service under a contract with that defendant. Applica-

tion for a temporary injunction was made upon filing of the complaint. While the application was pending, approximately 100 individuals, firms or corporations claiming interests identical with those of the original plaintiffs, were permitted to intervene and to become parties plaintiff. The court entered an order directing that a temporary writ of injunction issue restraining the City and its officers from enforcing certain provisions of chapter 28 of the Municipal Code and restraining Radio Flash Corporation from discontinuing its service to Service Livery, Inc. The City of Chicago and its officers appeal. We pass, without deciding, the procedural points urged by the defendants and turn to a consideration of their contention that all the provisions of the ordinance struck down by the injunction are valid.

██ Plaintiffs say that in the absence of a manifest abuse of discretion an appellate court will not interfere with the granting of a temporary injunction. We have held that where it appears from the face of the complaint that there is no equity in it and no sufficient grounds disclosed why the court should interfere, that it is error to grant a temporary injunction. *Biehn v. Tess,* 340 Ill. App. 140. We therefore turn to a consideration of the contentions of plaintiffs that certain provisions of the ordinance licensing and regulating motor vehicles known as chapter 28 of the Municipal Code of Chicago, which was revised by an ordinance passed December 20, 1951, and further amended by an ordinance passed January 30, 1952, are invalid. Under the ordinance a "cabman" means a person engaged in business as proprietor of one or more public passenger vehicles. "Public passenger vehicle" means a motor vehicle, as defined in the Motor Vehicle Law of Illinois, which is used for the transportation of passengers for hire, excepting those devoted exclusively for

funeral use or in operation of a metropolitan transit authority or public utility. "Livery vehicle" means a public passenger vehicle for hire only at a charge or fare for each passenger per trip fixed by agreement in advance. "Taxicab" means a public passenger vehicle for hire only at lawful rates of fare recorded and indicated by taximeter in operation when the vehicle is in use for transportation of any passenger. Sections 28–2 to 28–18, both inclusive, apply to all public passenger vehicles, which include livery vehicles, sightseeing vehicles, taxicabs and terminal vehicles. Sections 28–19 to 28–20, both inclusive, apply only to livery vehicles. Sections 28–22 to 28–30, both inclusive, apply only to taxicabs. Section 28–32 is the penalty provision for the violation of the ordinance.

The complaint relates entirely to livery vehicle licenses and operations. It is alleged that all of the plaintiffs, including the intervenors, are engaged in the business of operating public passenger motor vehicles, commonly known as liveries, and are duly licensed by the City as operators of public passenger motor vehicles. One of the plaintiffs, Boone, operates a taxicab which is licensed by the City for the year 1952. He does not have a livery vehicle license for the year 1952. He is the only plaintiff who claims to be affected by sections 28–19 and 28–9 which disqualifies a person having a taxicab license from receiving a livery vehicle license and prohibits the assignment or transfer of either the taxicab license or his right to the renewal of his livery vehicle license. Only one plaintiff, Livery Service, Inc., is affected by the provision in section 28–19 prohibiting any person having a livery vehicle license to be associated with anyone for sending or receiving calls for taxicab service. The complaint states that the licenses of all the plaintiffs, including the intervenors, have expired and that such

licenses cannot be renewed by them unless they are able to procure the necessary insurance as provided in section 28–12. The complaint alleges that the amount of insurance required by that section is excessive and unreasonable; that there are only a small number of insurance companies that write such insurance; that the excessive amount of insurance required will tend to create a monopoly in such insurance business; and that the premium rates for such insurance are so high that it is tantamount to confiscation of their businesses or licenses. The complaint further alleges that there has been an increasing number of house calls and general telephone calls requesting transportation, which calls the livery business has served since its inception, and that to the extent that taxicabs also respond to telephone call requests for transportation, they are in direct competition with the livery business.

 In *People ex rel. Johns v. Thompson,* 341 Ill. 166, the court said (169):

"No one has any inherent right to use the streets or highways as a place of business. Where one seeks a special or extraordinary use of the streets or public highways for his private gain, as by the operation of an omnibus, truck, motorbus or the like, the State may regulate such use of the vehicle thereon or may even prohibit such use."

The reasonableness of a police-power regulation is primarily a matter of legislative determination and the courts will not interfere unless the exercise of the legislative judgment is manifestly unreasonable and a clear abuse of discretion. A court will not hold an ordinance void as unreasonable where there is room for a fair difference of opinion on the question, even though the correctness of the legislative judgment may be doubtful and the court may regard the ordinance as not the best which might be adopted for the purpose.

*Father Basil's Lodge, Inc. v. City of Chicago,* 393 Ill. 246, 257; and *Klever Shampay Karpet Kleaners v. City of Chicago,* 323 Ill. 368.

██ Plaintiffs maintain that section 28–12, in prescribing that each public passenger vehicle operated by a cabman be insured in the amount of $50,000 against liability for injuries or death to any person and in the amount of $100,000 for injuries or death to more than one person in more than one accident, is unreasonable, unjust and discriminatory, and that it is in contravention of sec. 59, ch. 95½, Ill. Rev. Stat. 1951 (sec. 42a of the Motor Vehicle Act) [Jones Ill. Stats. Ann. 85.057] and is an oppressive exercise of the police power. Plaintiffs point out that the Injuries Act limits liability for death of one person to $20,000 and that sec. 42a of the Motor Vehicle Act states that the policy of insurance for carriers of passengers shall insure such owner for $15,000. There is no conflict between section 28–12 of the ordinance and section 42a of the Motor Vehicle Act. The only difference between the Motor Vehicle Act and the ordinance is in the amount of insurance required. An ordinance, because of local conditions, may impose more rigorous or definite regulations under a proper delegation of power in addition to those imposed by the State. *Dean Milk Co. v. City of Chicago,* 385 Ill. 565; and *City of Chicago v. Union Ice Cream Co.,* 252 Ill. 311. In our opinion the $50,000 and $100,000 public liability insurance requirement is not oppressive or unreasonable.

██ The Workmen's Compensation Act provides that in extra hazardous occupations, such as carriage by land, which includes liveries and taxicabs, the employer must carry workmen's compensation insurance if he has more than two employees. Section 28–12 of the ordinance requires every cabman to carry workmen's compensation insurance for his employees regardless of the number thereof, even if it be less than

316

two. We are of the opinion that the provision of the ordinance requiring every cabman to carry workmen's compensation insurance for his employees regardless of their number is reasonable.

██ Plaintiffs, citing the first paragraph of section 28-19, that no person shall be qualified for a livery license and taxicab license at the same time, points out that thereunder James Boone cannot be the holder of both a livery license and a taxicab license at the same time; that under section 28-9 he is prevented from transferring either of these licenses; that therefore he is compelled to abandon the business founded on one of the licenses; and that this constitutes a deprivation of property without due process of law. This is a reasonable provision, designed to separate livery vehicle operations from taxicab operations. The court should not interfere with the judgment of the city council as to the degree of regulation of livery vehicle operations which is appropriate to accomplish the purpose of the classification of motor vehicles for transportation of passengers for hire upon the city streets. The injunctional order restrained the enforcement of section 28-9 of the ordinance which provides for a limited assignability of passenger vehicle licenses. Plaintiffs attack this section insofar as it, together with section 28-19, constitutes a confiscation of James Boone's business, and state in their briefs that inasmuch as the enforcement of section 28-19 was enjoined, there was no reason to enjoin the provision restricting assignability and that the order insofar as it relates to section 28-9 should be modified.

██ Plaintiffs insist that the ordinance provision prohibiting any person having a livery vehicle license to be associated with anyone sending or receiving calls for taxicab service, constitutes a limitation imposed by the City on the use which a radio station licensee may make of his radio station license; that the limita-

317

tions and regulations under which a radio station licensee may exercise his license are exclusively within the province of the Federal Communications Commission; that the Federal Government has occupied this field to the exclusion of the City or City Government; and that therefore this provision of section 28–19 constitutes a violation of art. VI of the Constitution of the United States and is illegal and void. There is no way in which the Federal Communications Commission licensee, Radio Flash Corporation, can be penalized or controlled under the ordinance. Service Livery, Inc. is not amenable to any regulation by the Federal Communications Commission.

 Plaintiffs complain that section 28–19 that no license for any livery vehicle shall be issued except in annual renewal of such license, is invalid in that it does not permit the issuance of a new license to replace the livery license that is revoked or abandoned, so that by the process of attrition the livery business is being extinguished; that it is discriminatory as between taxicabs and liveries, since taxicabs have a stated number of licenses and their licenses therefore do not die upon revocation or abandonment; that no justification exists for the discrimination; that more than 30 livery companies have gone out of business since the enactment of the ordinance because of the inability to replace abandoned licenses; and that the remaining livery companies are faced with the same fate. The City of Chicago, having the right to license and regulate persons engaged in the business of carrying passengers for hire upon the public streets, and having the right to regulate traffic and parking and to provide for the general policing of the City, may properly determine, in the exercise of the powers conferred upon it by the legislature, the number of taxicabs or other like vehicles which it will permit to be operated in the city. See *People ex rel. Johns v. Thompson,* 341 Ill. 166; and

*Yellow Cab Co. v. City of Chicago,* 396 Ill. 388. We agree with defendants that there can be no sound argument against the validity of the application of the same limitations in the licensing and regulation of livery vehicles.

██ Plaintiffs say that the ordinance provision of section 28–19.2 that no such livery vehicle shall be parked on any public way for a time longer than is reasonably necessary to accept passengers in answer to a call for service, is unreasonable in preventing the normal operation of the livery business; that it prohibits parking at the licensee's place of business or home, parking for emergencies, parking for the purpose of eating or performing natural functions and parking for the purpose of rendering incidental courtesies to passengers. Plaintiffs say that the hidden purpose of this provision is to prevent the full utilization of two-way radio equipment. The provision prohibiting parking of livery vehicles is part of a comprehensive ordinance regulating public passenger vehicles. It is designed to prohibit solicitation of passengers for livery vehicles in the public way.

██ Finally, plaintiffs complain that section 28–20 providing that the outside of the body of each livery vehicle shall be of uniform black, blue or blue-black color, is invalid in that it bears no relation to the public welfare and is an attempt to legislate in the field of private property rights and unfair competition, which field belongs exclusively to the courts, and in usurping the power of the courts it is in violation of art. III of the Constitution of Illinois. Pursuant to the power possessed by the City to license and regulate the use of the streets by passenger carriers for hire, the City has established several classes of public passenger vehicles, each with its own special type of operation. Among these classes is the group known as livery vehicles, which may not solicit or accept passengers for hire

upon the public ways. Section 28–30 is designed to keep the livery vehicle within its proper sphere by making it more difficult to solicit passengers while cruising the public streets.

We are of the opinion that the ordinance provisions which the court enjoined are valid. Therefore the order of the superior court of Cook county entered April 7, 1952, directing that a writ of injunction issue, is reversed.

*Order reversed.*

FRIEND, P. J. and NIEMEYER, J., concur.