HAROLD CAULKINS, appellant, v. MYRON WILKES et al., as City Council of Knoxville, appellees.

No. 48275.

(Reported in 58 N.W.2d 391)

MAY 5, 1953.

Miller & Sinnard, of Knoxville, for appellant.

Carroll Johnson, of Knoxville, for appellees.

OLIVER, J.—For several years plaintiff had owned and operated all the taxicabs in Knoxville. They were five in number. The only taxicab ordinance then in effect was No. 290, which merely regulated fares. However, without any authorizing ordinance, the city had been granting licenses and collecting a license fee of $20 per year for each taxicab.

In November 1950, plaintiff sold the taxicabs and business to Forrest Core and agreed not to re-enter the business in competition with Core. In March 1951, Core sold the taxicabs and

business to Dwight McGraw, after plaintiff had declined to exercise an option to repurchase, which he had reserved. McGraw continued the operation of the taxicabs under the licenses issued by the city. The following month plaintiff informed the city council he proposed to start another taxicab business and tendered his check for $80 for the license fee for four cabs. Later in the month the city council enacted Ordinance No. 418, to regulate, license and tax taxicabs operating in Knoxville, and to repeal Ordinance No. 290. The new ordinance provided for an annual license fee of $20 for each taxicab and limited to five the number of licensed taxicabs. At the same meeting the council granted the application of Dwight McGraw for licenses under the new ordinance for the five taxicabs he was then operating under the old licenses.

A few days later the council denied plaintiff's application for taxicab licenses. In January 1952, plaintiff brought this suit in mandamus to compel the city council to issue licenses to him for three or four taxicabs.

Plaintiff offered evidence that in certain neighboring cities there were more taxicabs per thousand population than in Knoxville. However, the record shows without conflict that the taxicab service rendered in Knoxville by McGraw and previously by plaintiff, with five taxicabs, was adequate and satisfactory. After McGraw took over the business he purchased and substituted four new taxicabs and maintained all five in good condition. All were equipped with two-way radios.

In their consideration of Ordinance No. 418, and plaintiff's application for licenses, members of the council agreed that five cabs would furnish the public better and more satisfactory service than a greater number which would earn less per taxicab, and, as a result, probably would not be as well equipped and maintained. The trial court rendered judgment denying the writ. Hence, this appeal by plaintiff.

I. Section 389.39, Code of Iowa 1950, provides:

"They [cities and towns] shall have power:

"(1) To regulate, license, and tax all carts, wagons, street sprinklers, drays, coaches, hacks, omnibuses, and every description of conveyance kept for hire."

This statute authorizes the passage of ordinances regulating and licensing taxicabs. Towns v. Sioux City, 214 Iowa 76, 241 N.W. 658.

The relief prayed by plaintiff was that the city council be ordered to issue licenses to him. Upon appeal it is asserted "the court erred when it failed to find defendants' refusal to grant plaintiff licenses was arbitrary, unreasonable and an abuse of discretion." No such contention was made in plaintiff's pleadings. They alleged merely that the new ordinance was invalid because it granted McGraw (in effect) a franchise and a monopoly and this was the only purpose for which it was passed; that it was an unreasonable regulation and that its passage was an arbitrary abuse of the discretionary power of the city council. Otherwise stated, plaintiff's pleaded case was based upon the asserted invalidity of the ordinance and not upon the refusal to grant licenses to him. The distinguished trial court pointed out that Ordinance No. 418 was the only ordinance which could have authorized the city to license taxicabs, and if it was invalid, as alleged by plaintiff, the council was under no duty to license taxicabs, and mandamus would not lie to compel it to act. Hence, the court adjudged the matters pleaded were insufficient to entitle plaintiff to the writ of mandamus.

The reasoning of the trial court is sound and is in accord with the general rule. State ex rel. Hourguettes v. City of Gretna, 194 La. 460, 193 So. 706; Henry v. Campbell, 133 Ga. 882, 67 S.E. 390, 27 L. R. A., N. S., 283, 18 Ann. Cas. 178; 55 C. J. S., Mandamus, section 156, page 296; 34 Am. Jur., Mandamus, section 184, pages 958, 959. We hold the judgment should be affirmed.

II. We should not be understood as holding the provision limiting the licenses to five invalidated the ordinance. There is considerable authority to the contrary. Ford Hopkins Co. v. Iowa City, 216 Iowa 1286, 1291, 1294, 248 N.W. 668, 676, states the city council "clearly acted within its discretion in fixing the limit for cigarette permits, and in denying the appellant's application because it exceeded the number thus fixed. * * * If the community, under the police power sustained by this court and the Supreme Court of the United States, desires

to protect its minors from the use of cigarettes, the city council thereof may legally fix the maximum number of permits that will be issued under the statute."

It is true the cited case involved an occupation otherwise prohibited and recognized as not being useful, and that taxicabs are not in the same category. However, it is well settled that no person has the inherent right to use the streets and highways for the operation of vehicles for hire. Towns v. Sioux City, supra, 214 Iowa 76, 83 et seq., 241 N.W. 658; 37 Am. Jur., Motor Transportation, section 7. Such business is not per se unlawful but is affected with a public interest. 37 Am. Jur., Motor Transportation, section 17. It is a special or extraordinary use of the streets for private gain. People ex rel. Johns v. Thompson, 341 Ill. 166, 173 N.E. 137, 138. Furthermore, it requires police supervision. Des Moines v. Bolton, 128 Iowa 108, 114, 102 N.W. 1045, 5 Ann. Cas. 906. Municipalities having the power to regulate the use of their streets may enact valid rules and regulations consistent with the State law. 60 C. J. S., Motor Vehicles, section 81b; 37 Am. Jur., Motor Transportation, section 22. Such a license has been said to be in the nature of a privilege to perform a public service or function for reward. Child v. Bemus, 17 R. I. 230, 21 A. 539, 12 L. R. A. 57.

Yellow Cab Co. v. Chicago, 396 Ill. 388, 398, 71 N.E.2d 652, 657, states: "Certainly, the city of Chicago, having the right to regulate traffic and parking * * * [etc.] and to provide for the general policing of the city, could, in the exercise of its powers conferred upon it by the legislature, properly determine the number of taxicabs which it would permit to be operated in the city of Chicago."

To the same effect are Jones v. Chicago, 348 Ill. App. 310, 108 N.E.2d 802, 806; People ex rel. Johns v. Thompson, supra, 341 Ill. 166, 173 N.E. 137, 138; Cloe v. State ex rel. Hale, 209 Ala. 544, 96 So. 704. See also Burgess v. Mayor, etc., 235 Mass. 95, 126 N.E. 456.

 Assuming the city was empowered to adopt a taxicab ordinance which limited the number of licenses, it does not appear the limit of five was not fairly appropriate under the circumstances; in fact, the record affirmatively shows five taxicabs

would render better service than a greater number. The controlling factor is the welfare of the public affected. Nor would the granting of licenses to the five taxicabs then operating under the old licenses and the resultant refusal to issue such licenses to plaintiff constitute an abuse of the discretion lodged in the city council. In the absence of good·reason to the contrary such procedure is generally recognized as proper. Capitol Taxicab Co. v. Cermak, D. C. Ill., 60 F.2d 608; Jarrell v. Orlando Transit Co., 123 Fla. 776, 167 So. 664; 60 C. J. S., Motor Vehicles, section 81a, page 260; 37 Am. Jur., Motor Transportation, section 11. It should be noted the city has not granted McGraw a franchise nor exclusive licenses and has not surrendered its right to change the ordinance and issue additional licenses to other applicants.—Affirmed.

All JUSTICES concur except HAYS, J., who takes no part.