George Chasteen, d/b/a Public Car Company, Plaintiff-Appellant, v. City of Decatur, Illinois, Clarence A. Sablotny, Mayor and Commissioner of Public Affairs of the City of Decatur and Glenn W. Kerwin, Chief of Police of the City of Decatur, Defendants-Appellees.

Gen. No. 10,224.

Third District.

May 15, 1959.

Released for publication June 2, 1959.

Ferguson & Ferguson, of Decatur, for appellant.

Byron M. Merris, corporation counsel, of Decatur, Charles L. Huthmacher, city attorney, for appellees.

JUDGE CARROLL delivered the opinion of the court.

On January 16, 1941, the City of Decatur adopted a Municipal Code and in Chapter 70 thereof it prescribed certain rules, standards and regulations for the licensing and supervision of taxicabs and taxicab service. The portions of said chapter which are pertinent on this appeal are as follows:

Section 1—"A taxicab is hereby defined to be a vehicle for hire by passengers not having any fixed route or schedule."

Section 2—"No taxicab shall be operated or driven on the streets and public ways in the City without a license thereof, nor unless it conforms to the requirements of this chapter."

Section 15—"(a) Every taxicab operated on the streets of the City shall have affixed thereto a taximeter, which has been inspected and found to be accurate, and that complies with the provisions hereof.

"(b) It shall be unlawful for any person to own, operate or drive a taxicab in this City unless the fare to be charged is determined by an approved taximeter,

and no other or different fare shall be charged to passengers than is recorded on the reading face of said taximeter for the trip, except as herein otherwise provided."

Section 29—"(a) Any owner or driver of a motor vehicle not licensed as a taxicab in accordance with the provisions hereof, or where the license has been suspended or revoked, who operates said vehicle on the streets or public ways of the city for the purpose of carrying persons for hire or reward, or who solicits for hire passengers on the streets or public ways, shall upon conviction be punished by a fine not exceeding One Hundred Dollars ($100.00).

"(b) Any person not having been duly licensed as a taxicab driver, or any person whose license as such driver has been revoked or suspended, and who during the time of such revocation of suspension, drives for hire a taxicab on the streets of the City, shall upon conviction, be punished by a fine not exceeding One Hundred Dollars ($100.00)."

In his second amended complaint, plaintiff alleges that on September 15, 1957, he, in partnership with Harold Walderon, commenced the operation of a livery service in Decatur; that said livery service is not a taxicab service but consists of transportation of passengers for hire at a fixed rate in advance by agreement reached in calls to plaintiff's place of business in motor vehicle passenger cars not equipped with taximeters, said service involving no use of cab stands and no cruising operations; that he was arrested by the police of Decatur on October 24, 1957 for operating said service without having procured a license as provided in Section 29, Chapter 70 of the said Code; that he pleaded guilty to said charge and paid the fine assessed against him; that subsequently he individually assumed operation of said livery service and has continued to conduct same under the name

498

of Public Car Co., that at various times since his said arrest he has been warned of or threatened with arrest by defendants if he continued to transport passengers for hire; that he is not operating and never has operated or been licensed as a taxicab operator in Decatur; that although continuing to operate as a livery man he is in constant fear of being arrested for violation of said Section 29 of the Code and has refrained from advertising his business for fear of precipitating such arrest with a resulting great loss of earnings from his said operation; and that unless defendants are restrained from enforcing the provisions of said Municipal Code against plaintiff, his livery business will be destroyed and wholly lost and he will suffer irreparable injury.

Plaintiff further alleges that Section 1 of said Chapter 70 is unconstitutional and invalid as being unreasonable and designed for the purpose of eliminating from the streets of Decatur all types of motor carriers of passengers for hire except taxicabs by placing wholly dissimilar vehicles in a classification and under regulations which are applicable only to taxicabs; that said Section 1 is also unconstitutional and invalid by reason of the fact that the Illinois Motor Vehicle law withdraws from cities the authority to classify and define taxicabs and livery services and that the rules defining taxicabs as promulgated by the automobile department of the Secretary of State prevail over the definition adopted by the City of Decatur; that Section 29 of Chapter 70 of the said Code is wholly invalid and unconstitutional; that it prohibits operation of motor vehicles for hire in Decatur by all except taxicab operators; that said Section 29 is also unconstitutional as special or class legislation; and that it contravenes the 14th Amendment to the Constitution of the United States and Section 2, Article 2 of the Illinois Constitution.

The amended complaint was dismissed for want of equity on defendants' motion and plaintiff has appealed.

Plaintiff's theory of the case as stated in his brief is that rights and privileges recognized by the Declaration of Independence and guaranteed to him by the Constitution of the United States and the State of Illinois are violated by the enforcement of Sections 1 and 29 (a) of the Ordinance with resulting damage to plaintiff, constituting an irreparable injury to him and that the infringement of his constitutional rights stems from the invalidity of said sections of the Ordinance which set up an arbitrary and unreasonable classification which violates the constitutional prohibitions against special legislation, tends to create a monopoly, conflicts with state law and exceeds the City's power to regulate the occupation involved.

■■ This court lacks power to determine constitutional questions. If there are such questions to be determined, the same would be a matter for the Supreme Court and was waived by appeal to this court. Case v. City of Sullivan, 222 Ill. 56; Cohen v. City of Danville, 217 Ill. App. 619.

Aside from an extended argument devoted to challenging the constitutionality of said Sections 1 and 29 (a) of the Ordinance, with which we are not concerned, plaintiff's principal contention is essentially that failure of the City of Decatur to differentiate between taxicabs and livery cars in the aforesaid sections of said Ordinance renders such sections invalid and unenforceable.

In urging that these sections are in conflict with the Illinois Motor Vehicle law, we are referred to certain rules and regulations of the Secretary of State pertaining to certificates of title and registration of motor vehicles. Under Section 3—610 of the Motor

500

Vehicle law (Chap. 95½, Ill. Rev. Stats. 1957), the Secretary of State is vested with authority to, in his discretion, make special designations by colors or letters on registration plates issued to certain vehicles including those operated by "taxi or livery business." The regulations to which plaintiff refers were apparently promulgated by the Secretary of State and deemed necessary to the proper administration of the Act. The fact that these regulations may in the matter of issuing license plates, provide for a discrepancy between taxis and vehicles operated as a livery, is not to be taken to mean that the legislature has given a particular meaning to the words taxi or livery which a municipal authority must adopt in enacting an ordinance regulating the use of its streets. Our examination of the Motor Vehicle law fails to disclose any provision which requires that a municipality in legislating on the subject of licensing vehicles for hire by passengers not having a fixed route or schedule must distinguish between taxicabs and liveries. Accordingly we find no basis for the conclusion that the provisions of the Ordinance in question are in conflict with the Illinois Motor Vehicle law.

The authority of the City of Decatur to enact ordinances restricting the use of its streets by taxicab operators and others engaged in a similar occupation would appear to be unquestioned. The corporate authorities of a municipality are granted power by the Cities and Villages Act "to regulate the use of the streets and other municipal property" and "to license, tax and regulate hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen and all others pursuing like occupation and to prescribe their compensation." (Secs. 23—10 and 23—51, Chap. 24, Ill. Rev. Stats. 1957). Plaintiff does not question the right of the defendant City to license taxicabs or liveries but insists that the definition in Section 1 of Chapter

70 of the Code does not apply to a livery service. Although admitting in the complaint that his livery service consists of transporting passengers for hire over the streets of Decatur without a fixed rate or schedule, plaintiff contends such operation does not fall within the ordinance definition because the fare rate is fixed in advance in calls to plaintiff's place of business and because his vehicles do not have taximeters and his service does not involve cab stands or cruising operations. The ordinance plainly states that it applies to vehicles for hire by passengers not having any fixed rate or schedule. No distinction is made therein between any of such vehicles regardless of the method pursued in their operation. If the City had seen fit to classify such vehicles so as to differentiate between taxis and liveries it could have done so. However, its failure to do so is without significance insofar as the construction of the Ordinance is concerned. In determining whether the Ordinance applies to plaintiff's business, the test is not his method of operation or the designation which he applies to the vehicles employed therein. If his vehicles are used for transporting passengers for hire and have no fixed rate or schedule, all of which is admitted in the complaint, then such vehicles come within the ordinance definition and he is required to have a license as provided by said ordinance. To hold otherwise would amount to interference with the exercise of the City's power to regulate the use of its streets as delegated to it by the legislature. The fact that the City has adopted an Ordinance applying to both taxicabs and liveries alike does not render such Ordinance unreasonable. The City has not prohibited the operation of plaintiff's business but has required only that he comply with an Ordinance regulating the particular business in which he is engaged. Where a

502

city enacts regulatory ordinances pursuant to its police powers, the reasonableness thereof is primarily a matter of legislative determination and courts will not interfere unless such exercise of legislative judgment is manifestly unreasonable and a clear abuse of discretion. People v. Thompson, 341 Ill. 166; Jones v. City of Chicago, 348 Ill. App. 310. No such showing is made by the complaint in the instant case.

■ Plaintiff concedes that the power of the City to enact the Ordinance in question and that the definition of vehicles to which it applies is broad enough to include liveries, but argues that such Ordinance is unreasonable and arbitrary because it places liveries and taxicabs in the same category. The only authority in support of such contention are the rules of the Secretary of State to which we have previously referred. The answer to this argument is that the City of Decatur acting within the scope of its powers in respect to the use of its streets by persons engaged in the carrying on of a particular type of passenger transportation business has by this Ordinance restricted such use to persons who are properly licensed. The ordinance designed to effect this legislative determination does not conflict with the Motor Vehicle law and is not in our judgment, vulnerable to any of the objections urged by plaintiff.

If we were to adopt the theory advanced by plaintiff, this court would be required to modify an Ordinance of the City by reading into the same a provision excluding liveries from the operation thereof. In so doing we would be in effect interfering with the City's lawful exercise of its power to regulate the use of streets within its jurisdiction as expressly provided by statute.

For the reasons herein stated, we are of the opinion that Sections 1 and 29 of Chapter 70 of the Municipal

Code of the City of Decatur are valid. Accordingly, the trial court did not err in dismissing the second amended complaint and accordingly its judgment is affirmed.

Affirmed.

ROETH, P. J. and REYNOLDS, J., concur.