Geno Cocanig and Mary Cocanig, Plaintiffs-Appellants, v. City of Chicago, a Municipal Corporation, Defendant-Appellee.

Gen. No. 47,801.

First District, Third Division.

April 14, 1960.

Rehearing denied May 4, 1960.

 

David Krueger, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Edward E. Plusdrak, Assistant Corporation Counsel, of counsel) for appellee.

PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an action for injunction against the City of Chicago to restrain the discontinuance of the water supply of the premises owned by plaintiffs. Plaintiffs became the equitable owners of the property in question on December 28, 1956. They acquired their interest from Lawn Savings and Loan Association after that association had foreclosed the interest of the previous equitable owners. The previous owners had not paid a water bill of $41.20 which had accrued before December 28, 1956. The Water Department of the City of Chicago, through its agents, threatened to cut off the plaintiffs' water supply unless the bill of the former owners was paid. This complaint for injunction was then filed to prevent the City from terminating the supply of water. The City filed a motion to strike and dismiss the complaint, which was granted. This appeal is from that order.

█ Ten reasons are enumerated by the City to support its motion to strike and dismiss the complaint. The two points relied upon most strongly in this court are: 1) The complaint for injunction, apart

from insufficient allegations, shows on its face that plaintiffs have an adequate remedy at law, and therefore, the trial court properly dismissed the cause, and, 2) The alleged proposed action of the City's Water Department to enforce the collection of the unpaid water bill by cutting off the water supply is expressly authorized by ordinance enacted pursuant to statute, neither of which is directly challenged by plaintiffs, consequently, such action is presumed valid. The ordinance is not specifically referred to in the ten reasons advanced for dismissal of the complaint, but both parties have argued its effect in this court and it can be considered inherent in the pleadings. We take judicial notice of the general ordinances of Chicago, Ill. Rev. Stat. 1959, Chap. 51, §§ 48a, 48b. We will treat the contentions of the appellee in reverse order, for a finding that the ordinance applies to appellant would prevent his effective challenge of the City's action in either law or equity.

It is clear that the City of Chicago has been authorized by section 75-4 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1959, Chap. 24, sec. 75-4) to adopt rules and regulations for the fixing and collecting of water rents or rates. It is also clear that the City of Chicago has utilized this power to promulgate section 185 of the Municipal Code of Chicago, which defines the methods of pursuing the authority granted. The constitutionality of these enactments may not be challenged in this court, and we must therefore proceed on the presumption that they are valid. Chasteen v. City of Decatur, 21 Ill.App.2d 496, 500. However, the contention of appellant is that he is not subject to the enforcement provisions of the ordinance because the City failed to follow the procedures therein set forth to permit cutting off the water supply of per-

435

sons who were not the owners of the premises when the water was supplied.

Section 185–33 provides that the person for whom an application for service is made shall be responsible for the charges for service rendered as a result of such application, and that he remains responsible for such charges until notice in writing is given to the commissioner, at least ten days in advance, that such service is to be terminated. Section 185–44 permits the termination of service to premises which are delinquent in the payment of bills, but gives no indication whether it may be invoked only against the person liable for the charges under 185–33, or whether it authorizes such action against a person who was not the owner of the premises or applicant for the services when rendered. Section 185–45 specifies the method of enforcement of the statutory lien created by the Revised Cities and Villages Act. (Ill. Rev. Stat. 1959, Chap. 24, sec. 75–4.) It provides that suit must be commenced or a claim for lien filed within four months after the charges have become "due and payable." Section 185–46 provides that a foreclosure suit to enforce the lien shall be commenced within four months if no lien has been filed, or within two years if such lien has been filed.

Section 185–46.1, subsequently added to the original provisions, provides that the remedy of enforcement of the statutory lien, as defined in sections 185–45 and 185–46, "shall not be exclusive of any other legal remedy to collect the amount due and unpaid for water consumed or furnished to, or water service installed or disconnected for, the person liable therefor." The additional remedy of cutting off the water supply is then defined:

"The water supply of the premises against which the rates or rents remain unpaid may also be cut off as provided in section 185–44 of this code; provided,

436

that if more than four months shall have elapsed since the assessed rate or rents have become due and payable, the water supply of such premises shall not be cut off unless suit shall have been commenced or a claim for lien shall have been filed as provided in sections 185-45 and 185-46 of this code, or unless the person liable for the unpaid water bills is the owner, occupant or person in possession or in control of such premises when the supply of water is cut off."

■ In this case, no lien was filed nor was any action commenced within four months from the time the charges became due and payable. The statutory lien may only be utilized in accordance with the procedures set forth in the ordinance, and it is clear that any lien would have to be filed within the four month period there specified. It follows then, that the City may not use that method of collecting its bill. However, it could still cut off the water supply in appropriate circumstances, since the remedies are cumulative. The question, therefore, is whether, under the facts in this case, the City may use the alternative remedy of cutting off the water supply.

The power to cut off the water supply to the premises as found in section 185-44 is subject to the provisions on its enforcement in section 185-46.1, which was added to the original sections dealing with this problem and which has more recently been amended. That section provides that the remedies other than lien may be enforced against "the person liable therefor."

■ The person liable for the services within the contemplation of this ordinance is the person benefited by the services rendered. The use of the water facilities of the City imposes the duty to pay for these services and places the person utilizing the water supply squarely within the class of property owners against whose property the services may be cut off to collect

a delinquent bill. The ordinance speaks throughout in terms of the water supply to the premises. The owner or the person in control of the premises is constantly referred to. Becoming the owner of property requires an awareness on the part of the buyer that there may be unpaid water bills, and that problem is normally taken care of at the time of closing the purchase arrangements. The City, on the other hand, has very little opportunity to maintain a check on the persons presently in control of the property to which water is being supplied and would be unable to effectively collect their charges for water services supplied under the contention advanced by appellant. Rapid exchanges of property would become a convenient method of avoiding water bills, since the remedy of cutting off the water is only effective against the person presently in control of the property. We hold that the acceptance of the benefits of the water supply of the City made appellants "the person liable therefor," within the terms of section 185–46.1 of the ordinance and that therefore the remedy of cutting off the water supply of the premises was available to the City.

In view of the discussion above, it becomes unnecessary to consider the other contentions of appellant, and the order of the trial court is affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.