JOHN D. PRESTON et al., Plaintiffs-Appellees, v. THE CITY OF CHICAGO et al., Defendants-Appellants.

(No. 58287; ▮▮▮▮▮▮▮▮▮

First District (4th Division)—June 26, 1974.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellants.

No brief for appellees.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

This appeal arises from a complaint filed in the Circuit Court of Cook County on August 11, 1970, by John D. Preston, Andrew Forzone, and James Di Giacomo, taxicab drivers for the Checker Cab Company in Chicago. The complaint alleged that the defendants, the City of Chicago and James Y. Carter, the Commissioner of the City of Chicago Public Vehicle License Commission, had suspended the licenses of certain taxicab drivers for violations of the rules and regulations set forth in the Municipal Code of the City of Chicago governing the operation of taxicabs. These suspensions were said to have taken place without a hearing and in what was characterized as an arbitrary and discriminatory manner. It was specifically alleged that Andrew Forzone had been suspended for a period of 5 days by the Commission for failing to pick up a passenger. James Di Giacomo had been suspended for 2 days for his refusal

to take a passenger to a specific destination. Plaintiffs sought injunctive relief from the court to prevent any further suspensions of drivers for violations of these rules without a "full, fair and complete hearing with due process of law." Andrew Forzone further asked for $125 in damages as a result of his suspension. James Di Giacomo sought $50 in damages for his 2-day suspension.

The cause was tried before the Honorable Francis T. Delaney. Judge Delaney dismissed John Preston as a party plaintiff, denied the request for injunctive relief, found that the 5-day suspension of Andrew Forzone had been proper, and held that the 2-day suspension of James Di Giacomo had not been proper and was to be "held for naught and expunged from the records." The court concluded by ordering that James Di Giacomo be reimbursed the sum of $50 to compensate for the income he had lost during the period of the suspension. It is from this judgment in favor of plaintiff James Di Giacomo that defendants appeal.

■■   The only question before this court on the instant appeal is whether or not the 2-day suspension of the license of James Di Giacomo by defendants was proper. Plaintiffs below did not challenge the power of the City of Chicago, through the Public Vehicle License Commission, to regulate and license taxicabs and taxicab drivers. (We note that this power has been upheld by the Illinois courts in the past. See *People ex rel. Johns v. Thompson*, 341 Ill. 166, 173 N.E. 137, and *City of Chicago v. Vokes*, 28 Ill.2d 475, 193 N.E.2d 40.) They did object to the procedures used by the Commission, but their request for injunctive relief was denied by the trial court. The suspension of Andrew Forzone's license was upheld by the trial court. No appeal has been taken by plaintiffs from these rulings. The court found that the suspension of James Di Giacomo's license was improper and ordered that he be reimbursed $50. This being the only ruling adverse to defendants below, it is the only issue which they may have this court consider on appeal. Further, in the trial court defendants claimed that the suspension of James Di Giacomo was justified since he had refused to transport a passenger as required by Chapter 28, Section 28 of the Municipal Code of Chicago. While defendants have presented several alternate theories urging reversal of this award, theories not presented to the trial court may not be advanced for the first time on appeal. (*Kepper v. La Salle-Peru Township High School Dist. No. 120*, 7 Ill.App.3d 138, 287 N.E.2d 180.) We must therefore determine whether James Di Giacomo had in fact failed to transport a passenger under this section of the Municipal Code.

Chapter 28, section 28 of the Municipal Code of Chicago provides as follows:

"It is unlawful to refuse any person transportation to any place within the city in any taxicab which is unoccupied by a passenger for hire unless it is on its way to pick up a passenger in answer to a call for service or it is out of service for any other reason. When any taxicab is answering a call for service or is otherwise out of service, it shall not be parked at a cabstand, and a white card bearing the words 'Not for Hire' printed in black letters and not less than two inches in height shall be displayed at its windshield."

The facts of the incident leading to the 2-day suspension for violation of this section were presented by the testimony of James Di Giacomo and Officer Anthony Tabak at trial.

On July 16, 1970, at about 9 P.M., James Di Giacomo was driving a cab for the Checker Cab Company. He picked up a man and a woman and took them to the Northwestern Railroad Station in the downtown area of Chicago. He then testified that the following took place:

"The man got off and the woman said she wanted to go to the South side. So, I said well, okay, it looks like I will get home late tonight because my garage is way up North. So, then she said— I said, 'I am usually in about 8:30.' She said, 'I would not want you to do that. I will get another cab.' I said, 'No, you do not have to do that, I will take you there.' She said, 'No, never mind.'

As we were talking she waived [*sic*] a cab down and got out of mine and then to the other and the officer for Vehicle Department pulled up and asked what was going on and he would not let me explain. He asked the lady what was going on and she said, 'Well, he lives North and he mentioned he would be getting home late.' I said, 'I would take her where she wanted to go.' He said that I would not take her. So, he would not let me speak up for my self and in the meantime the lady jumped into another cab and went on."

Officer Tabak's version of the incident was not the same as given by Di Giacomo. He observed the cab pull into the cabstand in front of the station, discharge one passenger, and proceed north along Canal Street. He stated that the cab stopped and Di Giacomo got out. He pulled his vehicle in behind the cab as the passenger was getting out. In the presence of Di Giacomo, Officer Tabak asked the passenger why she was getting out of the cab. She told him that the driver was going north and did not want to take her to her destination, 79th and Indiana Avenue on the south side of the city. Officer Tabak said that Di Giacomo was attempting to hail another cab which was going east on Washington Street.

Officer Tabak then issued a citation to Di Giacomo for "refusal of service." The woman passenger refused to give Officer Tabak her name and left the scene.

We have carefully examined the evidence presented and we are of the opinion that the suspension of Di Giacomo's license for 2 days for a violation of chapter 28, section 28 of the Municipal Code of Chicago was proper. Di Giacomo's own testimony shows that he had accepted the passengers and was willing to take them to the railroad station. (This took place at 9 P.M., one-half hour after the time he claimed that he told the passenger it was his custom to be in by.) He took the two of them there but he was quite clearly unwilling to take the woman to her destination on the South side.

■■ Section 28 provides that a cab driver must provide transportation for any person to any place within the city unless the cab is on its way to pick up a passenger in answer to a call or is out of service. If the cab is out of service, a "Not for Hire" card must be displayed. Di Giacomo did not display this card and though he was willing to go in a direction "convenient" for him, he was either not willing to take the woman to her destination (as Officer Tabak stated) or was attempting to persuade her to seek transportation elsewhere, driving in a direction opposite from that in which the woman wanted to go. If Di Giacomo wanted to get home at a specific time and did not want to accept fares which would have delayed him, he did not have to accept the couple in the first place and could have displayed the "Not for Hire" card and returned his cab to the garage. He did not do so and we find that he was then operating in violation of chapter 28, section 28.

The judgment of the Circuit Court of Cook County ordering that defendants reimburse plaintiff James Di Giacomo $50 and that the suspension be expunged from the Commission's records is hereby reversed.

Judgment reversed.

DIERINGER and JOHNSON, JJ., concur.