

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 13, 1977

Honorable H. L. Edwards
County Attorney
County of Franklin
Mt. Vernon, Texas

Opinion No. H- 1071

Re: Whether there is a con-
flict between regulations of
the Franklin County Water
District and the Parks and
Wildlife Code.

Dear Mr. Edwards:

You have requested our opinion as to whether there is a con-
flict between certain regulations of the Franklin County Water
District and the Parks and Wildlife Code.

Section 31.070 of the Parks and Wildlife Code provides:

A motorboat operating on the water of
this state must have an exhaust water
manifold or a factory-type muffler in-
stalled on the engine.

Section 31.092(c) permits the governing body of a political sub-
division to

make rules and regulations relating to
the operation and equipment of boats
which it deems necessary for the public
safety. The rules and regulations shall
be consistent with the provisions of this
chapter.

(Emphasis added). Pursuant to this latter provision, the Franklin
County Water District has promulgated the following regulation:

It shall be unlawful for any boat operat-
ing on Lake Cypress Springs to be equipped
with any above-water exhaust system except
an outboard motor.

a. Exception: Racing craft engaged in a
sanctioned race, sanctioned by the
Board of Directors of the Franklin
County Water District, shall have a

p. 4589

> written permit thereto issued by the
> governing body or its authorized
> agent.

Racing craft are likewise exempted under section 31.072(b) of the Parks and Wildlife Code.  You ask whether the Water District regulation is sufficiently "consistent with" section 31.070 of the Code.

In Attorney General Opinion H-613 (1975), we held that a city may not impose size and bag limits on fish which differ from those promulgated by the Parks and Wildlife Commission pursuant to the Uniform Wildlife Regulatory Act.  We based that decision, however, partly upon the apparent intention of the Legislature to preempt the field with regard to size and bag limits.  In the present instance, the Legislature has not only failed to preempt the field, but has specifically authorized political subdivisions to "make rules and regulations relating to the operation and equipment of boats," so long as such regulations are consistent with the statute.  Parks and Wildlife Code § 31.092.  As the New Jersey Supreme Court noted in Kennedy v. City of Newark, 148 A.2d 473 (N.J. 1959):

> Before it can be said that the police power
> delegated to local government must remain
> inert, it must be clear that the Legislature
> intended to occupy the field or declared a
> policy at war with the decision made by
> local government.

148 A.2d at 478.

It is well established that

> [t]he fact that an ordinance enlarges upon
> the provisions of a statute by requiring
> more than the statute requires creates no
> conflict therewith unless the statute lim-
> its the requirement for all cases to its
> own prescriptions.

Gannett v. Cook, 61 N.W.2d 703, 707 (Iowa 1953); Smith v. Town of Notasulga, 59 So.2d 674, 675 (Ala. 1952); State ex rel. Hewlett v. Womach, 196 S.W.2d 809, 815 (Mo. 1946).  The Parks and Wildlife Code requires that all motorboats operating upon the public waters have one of two types of exhaust system.  Under section 31.070, an outboard, inboard or outboard-inboard motor would be permitted. The Water District regulation is more restrictive than the state

law in that it would permit only the kind of above-water exhaust system available on an outboard motor. It is less restrictive in that it would not require the presence of a muffler on an outboard motor. A boat equipped with an outboard motor which has a factory-type muffler installed on the engine would comply with both the state law and the water district regulation. We therefore do not believe that the regulation imposes any requirement that is not "consistent with" state law.

A similar situation was considered by the Supreme Court of Kansas in Leavenworth Club Owners Ass'n v. Atchison, 492 P.2d 183 (Kan. 1971). In that case, a statute prohibited a club from serving liquor between the hours of 3:00 and 9:00 a.m. on weekdays, while a city ordinance proscribed the serving of liquor between the hours of 1:30 and 9:00 a.m. Quoting from American Jurisprudence 2d, the court stated:

> [W]here both an ordinance and a statute are prohibitory, and the only difference between them is that the ordinance goes further in its prohibition but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective. Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail.

492 P.2d at 186. See also Jones v. City of Chicago, 108 N.E.2d 802, 805 (Ill. App. Ct. 1952). In our opinion, the regulation of the Franklin County Water District about which you inquire is not inconsistent and does not conflict with section 31.070 of the Parks and Wildlife Code. Of course, to the extent that section 31.070 is more restrictive than the water district regulation, it must be deemed to take precedence.

S U M M A R Y

A regulation of the Franklin County Water District which prohibits the equipping of any boat operating on Lake Cypress Springs

with any above-water exhaust system except an outboard motor is not inconsistent and does not conflict with section 31.070 of the Parks and Wildlife Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst